## THE STATE *v.* WILLIAM BELL.

Where, in an indictment for larceny, it was charged that the article stolen was the property of H. Hoffa, whose given name was to the jurors unknown, and it was testified by witnesses that they knew of no other name of the owner of the article than H. Hoffa, *it was held*, that there was no variance between the allegation and the proof.

The owner of an article charged to have been stolen, may have a name by reputation, and if it be proved that he is as well known by that name as any other, a charge in an indictment by that name will be sufficient.

If a person usually signs his name with only the initials of his christian name; and he is thus generally known and designated, he may be properly indicted by such name.

The cases of *State* v. *Angel,* 7 Ired. 27, *State* v. *Godet,* Ibid 210, cited and approved.

The defendant was indicted and tried at the last Term of the Superior Court of WAKE County, before his Honor, *Judge Watts,* for stealing a valise, the property of H. Hoffa, whose given name was to the jurors unknown.

On the trial it was proved on behalf of the State by Dr. G. W. Blacknall and others that the owner of the valise stolen by the defendant was H. Hoffa. The defendant's counsel contended before the jury that the proof of the owner of the property being H. Hoffa, there was a fatal va-

riance, and asked the Court so to charge, but his Honor held that there was no variance and that the indictment was sufficient, and not bad for uncertainty. The jury returned a verdict of guilty, and after ineffectual motions for a new trial, and in arrest, judgment was pronounced, and defendant appealed.

*A. M. Lewis*, for the defendant.
*Attorney General*, for the State.

DICK, J. The indictment charges, that the valise stolen was the property of " H. Hoffa whose given name is to the jurors unknown." The witness proved that the property stolen belonged to H. Hoffa, and gave no information as to the " given" or christian name of the owner. The proof, therefore, corresponded with the allegation, and there was no variance—and the jury properly convicted the defendant.

The motion in arrest of judgment was properly overruled. The technical precision required in the old forms of indictment are not now strictly observed in criminal proceedings, and judgment will not be arrested where sufficient matter appears to enable the Court to proceed to judgment. Rev. Code, ch. 35, sec. 14.

The name of the owner of property stolen is not a material part of the offence charged in the indictment, and it is only required to identify the transaction, so that the defendant by proper plea may protect himself against another prosecution for the same offence. The indictment may charge that the owner is to the jurors unknown. In all cases the charge must be proved as laid. The owner may have a name by reputation, and if it is proved that he is as well known by that name as any other, a charge in the indictment in that name will be sufficient. *State* v. *Angel*, 7 Ire. 27. *State* v. *Godet*, Id. 210. *Stroud's case*, 2 Moody C. C. 270. *Rex* v. *Norton*, Russ and Ryan. 510.

If a person usually signs his name with only the initials of his christian name, and he is thus generally known and designated, he may be properly indicted by such name. 7 Bac. Ab. 8. *State* v. *Stephen*, 11 Georgia 225.

In this case H. Hoffa is known by no other name, and the charge in the indictment is sufficient to identify the transaction and accomplish the purposes of the law.

There is no error and the judgment must be affirmed.

Let this be certified.

PER CURIAM.                     Judgment affirmed.