### BALL v. STATE.

2. INDICTMENT: *For forging school warrant.*
An indictment for forging a school warrant need not allege that the school district on which the forgery was committed was a corporation. All school districts are corporations by statute; and it is never necessary in pleading to aver a legal conclusion.

2. SAME: *Forging and uttering forged instrument. Misjoinder.*
Forging and uttering a forged instrument are separate and independent crimes, and cannot be joined in the same indictment. *McClellan v. The State,* 32 *Ark.,* 609, is, on this point, disapproved.

3. CRIMINAL LAW: *Former jeopardy.*
The court to which a change of venue in a criminal cause is taken acquires no jurisdiction of the cause until there is filed in it a transcript of the record and proceedings in the cause from the original court, duly certified by the clerk under the seal of the court; and therefore a trial of the defendant upon a transcript without a seal would be no jeopardy, and no defense against a trial upon the same record after it is pefected by the seal.

APPEAL from *Desha* Circuit Court.

Hon. JOHN A. WILLIAMS, Judge.

*X. J. Pindall*, for appellant.

The court had no jurisdiction to try the case. The transcript from Arkansas county had no seal on it, and attaching the seal in Lincoln county did not cure the defect. *36 Ark., 237.*

The court erred in refusing to quash the indictment. The indictment for forgery under *sec. 1726* charging forging of school warrants. Afterwards a second indictment for the same matter was returned under *sec. 6253.* The motion to quash was under *sec. 2130*, and should have been sustained.

The indictment charged more offenses than one. Forgery is an offense and so is uttering a forged instrument, and a party could be convicted of one without being guilty of the other. *Sec. 2108.* And this is not within the exception of *sec. 2109. 33 Ark., 173; 32 ib., 203; 56 Iowa, 585.*

The indictment does not charge that the school district was a corporation authorized to issue warrants. *14 Wisc., 479.*

*Dan W. Jones*, Attorney-General, for appellee.

When the transcript first came to Desha it had no seal, and the circuit court of that county had no jurisdiction and could do nothing officially but dismiss it. *1 Ark., 265; 5 ib., 147; 6 ib., 252; 9 ib., 469; 36 ib., 237; Mansf. Dig., sec. 2204.* It was the duty of the clerk of Arkansas county to remedy this defect, and when this was done it was a matter of no moment to the court how nor where it was done, the only question being was it a true transcript.

It was necessary for appellant to raise the question of there being two indictments by plea. *7 Ark., 387.* But the indictments were for different matters, the one for forgery, the other for mutilation of the director's record. *Sec. 2130, Mansf. Dig.*, does not become operative.

Although the appellant was a school director, he was nevertheless guilty of forging school warrants on his district. *Sec. 6221, Mansf. Dig.*, gives authority to directors to draw warrants for "wages due teachers." The warrants were not for money due teachers. If one authorized to draw for money exceed his authority and draw a larger sum he is guilty of forgery. *2 Archb. Cr. Pr. and Pl., 1584.* A man may forge an instrument in his own name. *2 Bish. Cr. L., sec. 584, et seq.; 6 Cow., 72.* It is admitted that the name of the payee was forged and he was no director. It is said though that the warrant might have been drawn so as to require no indorsement. But the fact remains that appellant did draw the warrant so as to render indorsement necessary.

It is urged that the indictment is bad because it charges forgery and uttering the forged instrument, and the court below was asked to compel the prosecuting attorney to elect on which charge he would try. and the motion was overruled. Does the indictment really charge more than one offense? The indictment was evidently drawn under *sec. 1726, Mansf. Dig.* This section provides but one punishment for forging any writing whatever, or uttering or publishing the same, knowing it to be forged. *Sec. 2108, ib.*, while forbidding the charging of more than one offense in the same indictment (except in the offenses named in the next section), nevertheless permits the same offense to be charged in different modes and by different means, if it may be so committed. This, of course, can only be done by different counts   The record in this case shows

beyond all question or doubt, that the several counts in the indictment intended to charge the appellant with the one offense, and but one.   *Wharton on Cr. L.*, *Vol: 1, S. 416; 9 Iowa, 53; 38 Iowa, 110; 11 Ga., 92; 1 Tex. App., 745; 1 Woodb. & M., 305.*

The indictment was not defective in failing to allege that the school district was a corporation, because being a school district it is necessarily a corporation.   *Sec. 6172, Mansf. Dig.*

SMITH, J.   The indictment in this case contained four counts, the first two of which are as follows :

"The grand jury of Arkansas county, in the name and by the authority of the state of Arkansas, accuse L. S. Hunter and W. F. Ball of the crime of forgery, committed as follows:   The said L. S. Hunter and W. F. Ball, in the county and state aforesaid, on the 14th day of July, A. D. 1885, did then and there willfully, unlawfully and feloniously, fraudulently and falsely make, forge and counterfeit a certain paper writing, and indorse and sign upon the back of said paper writing the name of H. H. Higgins, without his knowledge or consent; said writing purporting to be a school warrant of School District No. 8, of Arkansas county, Arkansas, drawn upon the treasurer of Arkansas county, Arkansas, payable to H. H. Higgins or order, for the sum of sixty dollars, for teaching school, out of the school fund of said district, dated July 14th, 1885, and numbered 3, signed by the said L. S. Hunter and W. F. Ball, as directors of said district, which said false and forged warrant is in words and figures, to wit :

7–48

' *No. 3.*
          ' DISTRICT SCHOOL FUND No. 8., July 14, 1885.
'*Treasurer of Arkansas County, Arkansas :*
  'Pay to H. H. Higgins, or order, the sum of sixty dollars, for teaching school, out of the school fund.
                                        ' L. S. HUNTER,
                                        ' W. F. BALL, *Directors.*'
  "Indorsed on back—
              ' 7–14—'85.  Please pay W. F. Ball.
                                        ' H. H. HIGGINS.
  ' Not paid for want of funds.  July 15, 1885.  Registered.
                    ' R. SCANLAND, *County Treasurer.*'

  "And the false and fraudulent making, forging and counterfeiting of the school warrant aforesaid, and signing the name of the said H. H. Higgins on the back of the same without his knowledge or consent, by the said L. S. Hunter and W. F. Ball, as directors, was done with the felonious and fraudulent intent then and there to cheat and defraud the said School District No. 8, of Arkansas county, Arkansas, out of the sixty dollars aforesaid, to the great damage and injury of said School District No. 8, contrary to the statutes in such cases made and provided, and against the peace and dignity of the state of Arkansas.

  "II.  The grand jury of Arkansas county, in the name and by the authority of the state of Arkansas, do further accuse L. S. Hunter and W. F. Ball of the crime of forgery, committed as follows, to wit:  The said L. S. Hunter and W. F. Ball, in the county and state aforesaid, on the 4th day of July, A. D. 1885, did then and there willfully, unlawfully and feloniously, wickedly, frauduently and falsely utter and publish as true and genuine, with the felonious intent to injure, defraud and cheat the said School District No. 8, of Arkansas county, Arkansas (and L. C. Smith, to whom they sold said warrant), a certain

false, forged and counterfeited paper writing for the payment of money, to wit: For the payment of sixty dollars purporting to be a school warrant of School District No. 8, of Arkansas county, Arkansas, payable to H. H. Higgins, or order, for the sum of sixty dollars, for teaching school, out of the school fund of said district, dated July 14th, 1885, and numbered 3, and indorsed on the back of the same the name of the said H. H. Higgins, without his knowledge or consent, said warrant signed by the said L. S. Hunter and W. F. Ball, as directors, which said false and forged warrant is in words and figures to wit:

‘ *No. 3.*

‘ District School Fund, District No. 8, July 14th, 1885. ‘ *Treasurer of Arkansas County, Arkansas :*

‘Pay to H. H. Higgins, or order, the sum of sixty dollars, for teaching school, out of the school fund.

‘ L. S. Hunter,

‘ W. F. Ball, *Directors.*’

“ Indorsed on back—

‘July 14th, 1885. Please pay W. F. Ball.

‘ H. H. Higgins.

‘ Registered. Not paid for want of funds.

‘ R. Scanland, *County Treasurer.*’

“And the said L. S. Hunter, and the said W. F. Ball, at the said time they so uttered and published as true and genuine to the said L. C. Smith, the said last mentioned false, forged and counterfeited warrant for the payment of money as aforesaid, indorsed as aforesaid, then and there well knew the same to be false, forged and counterfeited, contrary to the statutes in such cases made and provided, and against the peace and dignity of the state of Arkansas.”

The third count is similar to the first, and the fourth is similar to the second, the only difference being in the alle-

gations respecting the persons whom it was intended to defraud. This indictment was found on the 19th of September, 1885.

And on the 22d of the same month, the following indictment was also returned into court:

"The grand jury of Arkansas county, in the name and by the authority of the state of Arkansas, accuse L. S. Hunter and W. F. Ball of the crime of malfeasance in office, committed as follows, to wit: The said L. S. Hunter and W. F. Ball, in the county and state aforesaid, on the 17th day of September, A. D. 1885, were then and there the duly elected, qualified and acting school directors of School District No. 8, in Arkansas county, Arkansas, and as such directors they made a contract with and hired one H. H. Higgins to teach school in said district for the period of three months, commencing May 25th, 1885, for the sum of sixty dollars per month, and the said H. H. Higgins did teach said school for the period of three months and nine days, the said nine days being taught at the request of said directors; and the said H. H. Higgins did receive, at the hands of the directors, three several warrants on the treasurer of Arkansas county, Arkansas, two of said warrants for forty dollars each, and the other warrant for one hundred and fifteen dollars, for his services as teacher aforesaid; but said L. S. Hunter and W. F. Ball, directors as aforesaid, did fraudulently and corruptly make, forge and utter and publish as true and genuine a certain counterfeit warrant, which they drew on the treasurer of Arkansas county, Arkansas, for the sum of sixty dollars, in favor of said H. H. Higgins; all of which was done without the knowledge or consent of the said H. H. Higgins; and to cover up the corrupt and fraudulent issuance of the sixty dollar warrant as aforesaid, the said L. S. Hunter and W. F. Ball then and there willfully, unlaw-

fully and corruptly tore out of the school directors' record and form book of said School District No. 8, a leaf upon which were pages 49 and 50 of said book, which said pages 49 and 50 contained the original contract with H. H. Higgins to teach said school for the sum of sixty dollars per month, duly signed by said H. H. Higgins as teacher, and the said Ball and said Hunter as such directors; and the said L. S. Hunter and W. F. Ball did then and there unlawfully and corruptly put upon page 51 of said book a fraudulent contract with said H. H. Higgins, specifying the sum of eighty-five dollars per month as the sum to be paid him as such teacher, without the knowledge or consent of the said H. H. Higgins; all of which was done with the corrupt purpose aforesaid, contrary to the statute in such cases made and provided, and against the peace and dignity of the state of Arkansas."

Hunter having made his escape, Ball moved the court to quash the first indictment, under *section 2130, of Mansfield's Digest*, which provides that, "If there shall be, at any one time, pending against the same defendant, two indictments for the same offense, or two indictments for the same matter, although charged as different offenses, the indictment first found shall be deemed to be suspended by such second indictment, and shall be quashed."

In *State v. Barkman, 7 Ark., 387*, it was ruled that a party wishing to avail himself of the pendency of another indictment for the same offense, or other matter *de hors* the record, should do so by plea. But as our code of criminal procedure recognizes but three kinds of pleas (guilty, not guilty, and former conviction or acquittal, *Mansfield's Digest, sec. 2172*), perhaps this defense, if the code does not by implication take it away, may be asserted by motion. It is obvious, however, that the indictments were for different matters, one being for the forgery of the indorsement

upon a school warrant, and for the uttering of the paper so forged; the other being for mutilation of the directors' record.

**1. INDICT-MENT:**
**For forging school warrant.**

After a demurrer to the indictment had been overruled, the defendant interposed a motion that the state be required to elect upon which count it would proceed. The motion was denied, and after conviction the defendant moved to arrest the judgment. The indictment was not defective for failing to allege that the school district was a corporation. Every school district in the state is a corporation, expressly made so by *section 6172, of Mansfield's Digest.* And it is never necessary in pleading to aver a legal conclusion.

**2. SAME:**
**Forgery and uttering forged instrument.**

But the indictment charges two offenses, and the defendant was put upon trial for both at the same time. Forgery is one offense, and uttering a forged instrument as genuine, knowing it to be false and forged, is another and distinct crime. A party might be convicted of either without being guilty of the other. Mr. Bishop (*1 Cr. Pro., 3d Ed., sec. 449*), says that counts for these two offenses are often and properly joined. And Dr. Wharton, in his work on *Criminal Pleading and Practice, 8th Ed., sec. 285*, lays it down that offenses, though differing from each other, and varying in the punishment authorized to be inflicted for their perpetration, may be included in the same indictment, and the accused tried upon the several charges at the same time, provided the offenses be of the same general character, and provided the mode of trial is the same. Such was also our former practice. (*Baker v. State, 4 Ark., 56; Orr v. State, 18 ib., 540; State v. Holland, 22 ib., 242.*) But our Criminal Code has wrought a revolution in this respect. It enacts (*Mansfield's Digest, sec. 2108*) that "an indictment, except in cases mentioned in the next section, must charge but one offense; but, if it may have

been committed in different modes and by different means, the indictment may allege the means and modes in the alternative.

Section 2109. The offenses named in each of the subdivisions of this section may be charged in one indictment.

*First*—Larceny, and knowingly receiving stolen money.

*Second*—Larceny, and obtaining money or property on false pretense.

*Third*—Larceny and embezzlement.

*Fourth*—Robbery and burglary.

*Fifth*—Robbery, and an assault with intent to rob.

*Sixth*—Passing or attempting to pass counterfeit money or bank notes, knowing them to be such, and having in possession counterfeit money or bank notes, knowing them to be such, with the intention of circulating the same.

The change in the rule has had its due effect given to it in *State v. Brewer, 33 Ark., 176* (joinder of counts for an affray and for assault and battery); in *State v. Lancaster, 36 Ark., 55* (uttering vulgar and profane language at the domicile of another and making violent threats against him there, with intent to insult or terrify him); in *State v. Rhea, 38 Ark., 555* (several counts for gaming, without indicating that they were all intended to charge but one offense); and in *State v. Morris, 45 Ark., 62*, where it was attempted to unite a count for exhibiting a gambling device with one for permitting it to be exhibited in a house owned by the accused.

We are not unmindful that in *McClellan v. State, 32 Ark., 609*, this court impliedly sanctioned, by passing over *sub silentio*, the joinder of counts for forging and uttering a forged instrument. But the attention of the court seems not to have been directed to the statute, which is plain in meaning and peremptory in its terms. That case is, on this point, disapproved. Compare *State v. McCormick, 56*

*McClellan v. State disapproved.*

*Iowa, 585,* where the same question was directly presented and adjudged under statutory provisions in substance identical with ours.

<div style="float:left; width:120px; font-size:small;">Forgery and uttering forged instrument are distinct crimes.</div>

It is scarcely necessary to say that the insertion of the several counts can not be justified on the ground that they merely state the different modes and means by which the crime may have been committed.   The two crimes are separate and independent.   The uttering of forged paper is a distinct and substantive fact, not necessary to be established on a prosecution for forgery; and *vice versa.*

<div style="float:left; width:120px; font-size:small;">3. Change of venue: Former jeopardy.</div>

There is only one other matter that we need discuss. Upon the prisoner's application the venue was changed to Desha.   And a jury was impaneled and sworn to try him upon the issue raised by his plea of not guilty.   At this point it was discovered that the transcript of the record and proceedings of the court from which the cause had been removed were not authenticated by the seal of that court.   And the jury was thereupon discharged, without the defendant's consent.   The transcript, it seems, was then withdrawn by direction of the presiding judge and placed in the hands of the sheriff of Arkansas county, with directions to procure the seal to be attached.   This was done and the transcript was again filed in the Desha court.   The defendant now pleaded former jeopardy.   Upon the trial of this issue before a jury, the defendant offered to prove by the officer to whom the transcript had been intrusted, that the seal of the circuit court of Arkansas county had been put on in Lincoln county.   But the court excluded the testimony.   The jury were instructed that if they believed from the evidence that, at the time the first jury was sworn, the seal was not upon the transcript, the defendant had not been in jeopardy.   And they found the issue against the prisoner, who was then tried before still

another jury upon the plea of not guilty, and convicted, and sentenced to the penitentiary.

When the order is made to change the venue, it is the duty of the clerk of the court in which the cause is pending to make out a transcript of the record and proceedings, and transmit the same, duly certified, under the seal of the court, to the clerk of the court to 'which the cause is removed. *Mansf. Dig., sec. 2204.*

According to the previous decisions of this court, the jurisdiction of the Desha circuit court to try Ball's case depended on the reception of the papers, accompanied by the record, under the seal of the court which transferred the cause. Consequently, if the seal of the circuit court of Arkansas county was lacking, Ball incurred no peril by the swearing of the first jury; for he could not have been legally convicted by that jury. *Stone v. Robinson, 9 Ark., 469; Hudley v. State, 36 ib., 237; Haglin & Pope v. Rogers, 37 ib., 491; Burris v. State, 38 ib., 221.*

The court committed no error in refusing to allow the defendant to adduce proof that the circuit clerk of Arkansas county had affixed the seal of his office outside of his own county. Such evidence would not have had the most remote tendency to prove the issue joined. For if Ball had been in jeopardy of his liberty, it was by reason of the impaneling and swearing of the jury, and not by reason of what had afterwards occurred in the effort to remedy the defect.

The judgment must be reversed and the cause remanded, with directions to require the state to make its election whether it will prosecute for the forgery or for the utterance of the forged paper.

The prosecuting attorney may be allowed to retain the first and third counts, or the second and fourth.