THE STATE v. WILLIAM GRANT.

*Larceny—Indictment—Ownership—Evidence—Corporation.*

1. It is not necessary, in an indictment for larceny, where the articles charged to be stolen are alleged to be the property of a corporation, to aver in the bill the fact of the incorporation of the prosecutor. It is sufficient if the corporate name is correctly set forth.

2. Nor is it necessary to produce the charter of an incorporated company to prove the fact of incorporation. It is sufficient if it is established by other testimony that it carried on its business in the name set out in the indictment, and was well known by that designation.

The defendant was tried before *Clark, J.*, at Fall Term, 1889, of SWAIN Superior Court, on an indictment charging the larceny of a barrel of kerosene oil, the property of "The Richmond and Danville Railroad Company."

In the course of the trial, the State introduced a witness who testified "that he was the agent for the Richmond and Danville Railroad Company at Jarret's Station, in said county; that said company was, publicly and universally, known by that name in this section as a common carrier, operating the only railroad in that county, running daily trains, having officers, agents," &c., &c.

The defendant excepted to the admission of this testimony because it was not alleged in the indictment that the company was incorporated, and because the proof of the incorporation should be made by showing the charter.

There was a verdict of guilty. The defendant moved for a new trial on the foregoing exceptions. This motion was declined. The defendant then moved in arrest of judgment because the indictment did not allege that the prosecutor was incorporated. Motion refused. Judgment and appeal.

*The Attorney General*, for the State.
*Mr. F. C. Fisher* (by brief), for the defendant.

SHEPHERD, J.—after stating the case:

1. We are clearly of the opinion that it was unnecessary to produce the charter in order to prove that the prosecutor was an incorporated company.

In *Railroad* v. *Langton*, L. R. 2 Q. B. D., 296, 46 L. J. M. C., 136, "it was held that it was not necessary to produce the certificate of incorporation of a company, but that the existence of the company was sufficiently proved by evidence that it had carried on business as such." Roscoe's. Crim. Ev., 868. To the same effect is Whart. Crim. Law, 1828; *People* v. *Swartz*, 32 Cal., 160.; *People* v. *Davis*, 31

Wend., 309; *Reed* v. *State*, 15 Ohio, 217, and *State* v. *R. R. Co.*, 95 N. C., 602.

2. We are also of the opinion that the fact of incorporation need not be alleged where the corporate name is correctly set out in the indictment. We are aware that there is a great diversity of opinion upon this subject in the various States, but we think the better view is that such an allegation is unnecessary. In *State* v. *Bell*, 65 N. C., 313, it is said that "the name of the owner of property stolen is not a material part of the offence charged in the indictment, and it is only required to identify the transaction so that the defendant, by proper plea, may protect himself against another prosecution for the same offence. The owner may have a name by reputation, and if it is proved that he is as well known by that name as any other, a charge in the indictment in that name will be sufficient." We see no reason why a conviction upon the present indictment would not be a bar to another in which the fact of incorporation is alleged. Here the name is correctly described and there could be but little trouble as to the identification of the prosecutor. In *Stanly* v. *Railroad Co.*, 89 N. C., 331, it is distinctly decided that such a company may be designated by its corporate name, and that such a description is good upon *demurrer*. This case cites with approval the language of MAULE, J., in *Wolfe* v. *Steamboat Co.*, 62 E. C. L. R., 103, where he says that such a description of the prosecutor is "not at all out of the usual form. It *impliedly amounts to an allegation that the defendant is a corporate body.*"

We have read with interest the terse and pointed brief of the defendant's counsel, but he has failed to convince us that there was any error in the rulings of the trial Judge.

Affirmed.