## CRIMINAL COURT OF BALTIMORE CITY.

Filed October 30, 1908.

STATE OF MARYLAND
VS.
RICHARD A. BEDFORD.

*Assistant State's Attorney Stinchcomb* for the State.
*James Fluegel* and *H. Rufus White* for defendant.

STOCKBRIDGE, J.—

The traverser in this case has been indicted for the larceny of money "of goods and chattels, moneys and properties of the Saint Luke's Union American Methodist Episcopal Church;" and by the second count of the indictment, with having received the said "goods and chattels, moneys and properties of the Saint Luke's Union American Methodist Episcopal Church," knowing the same to have been stolen.

The indictment is demurred to, and the assigned cause for the demurrr is the failure of the indictment to allege whether the "Saint Luke's Union American Methodist Episcopal Church" is a corporation, or a voluntary association of individuals.

The question thus presented is, therefore, whether or not it is necessary in an indictment for larceny to allege the incorporation of the body in which the property is laid,—where the owner of such property is something other than an individual.

The question does not appear to have been directly passed upon thus far in this State, certainly not by the court of last resort, and so far as this court is now advised, not even by a court of first instance.

In all cases of larceny or embezzlement it is essential that the ownership of the property be alleged in the indictment.

State vs. Blizzard, 70 Md. 385.

But upon the question whether it is also essential in the indictment to allege the fact of the incorporation, the authorities outside of the State present a wide difference. In certain classes of crimes, such as forgery, conspiracy to defraud, burglary, it has been held that the essential element of the crime was to be found in other elements than ownership, and that therefore an allegation of the fact of incorporation vel non was unnecessary.

Some of the adjudicated cases apparently confuse what are essential allegations of an indictment, with the proof which is requisite to establish incorporation in a given case. The distinction between these two aspects is well pointed out in the case of the People vs. Schwartz, 32 Cal. 165.

In some of the other cases to which the court has been referred the alleged insufficiency of the indictment, by reason of its failure to allege incorporation, has not been set up until after a plea of not guilty has been entered, when the traverser might well be held by his plea to have waived all questions upon this ground. The two opposing views may be fairly seen in the following cases:

In the case of State vs. Meade, 27 Vt. 722, the traverser was indicted for obstructing the engines of a railroad company, and the Vermont court held this indictment insufficient, saying that the words "Railroad Company" do not necessarily import a corporation, and a court cannot take judicial notice that the company is a corporation unless so allowed.

In the State vs. Weller, Spencer 521, the New Jersey Rule was laid down in this language: "The court will presume that the bank is a body corporate as under the name of a person they would presume that it was the name of an individual."

And in the case of State vs. Grant, 104 N. C. 908, where the traverser had been indicted for the larceny of a barrel of oil, the property of the Richmond and Danville R. R. Co., the court said, that this language "impliedly amounts to an allegation that the defendant is a corporate body."

Upon the other side the cases are the State vs. Ames, 119 Iowa 680, and White vs. State, 24 Tex. App. 231, in which it is equally positively held that the indictment should set out the fact of the incorporation.

As between these conflicting views, the case of the Commonwealth vs. Williams, 2 Cush. 582, and Ball vs. State, 48 Ark. 94, suggests a rule, which, while it does not yet seem to have received judicial sanction heretofore, appears to me to be the true rule to follow in such cases.

In the case of the Commonwealth vs. Williams, supra, the traverser was indicted for breaking into and entering

the City Hall of Charlestown, and stealing certain gold coin of the City of Charlestown, and this indictment was held sufficient; and in the case of Ball vs. The State, where the traverser was indicted for forging a school warrant upon a certain school district of Arkansas, the indictment was held sufficient by the court, because by the laws of that State, all school districts were created corporations.

The almost universally accepted rule of judicial notice is to the effect, that the court will take notice of the incorporation of all municipalities within the State, and in some States of the public corporations; and for the purposes of the administration of criminal justice this rule might well be extended so as to include besides strictly public corporations, certain quasi public corporations, such as the corporations owning and operating public utilities, as common carriers, water and lighting companies, whose existence and operations are matters of general public knowledge.

Under our very broad, general incorporation laws it is entirely possible to form a corporation and give it a name which would be equally applicable to a partnership, or a purely voluntary association of individuals, mutually interested together for some common purpose. Indeed it is entirely possible to have subsisting at the same time, two bodies bearing the same name, engaged in the same or kindred pursuits or objects, one of which might be incorporated, and the other might not.

The object and purpose of an indictment is to inform the traverser of the offense with which he is charged, and he is entitled to have the averments contained in the indictment so definite and explicit as to be able to adequately prepare his defense. It therefore seems to me, that in the case of all such bodies as are not indicated above under the designation of public corporations, or corporations exercising quasi public functions, and generally grounded under the phrase "public utilities," that it is the right of the traverser to be advised in the indictment whether, when he is accused of having committed larceny, he is alleged to have stolen the property of a body corporate or not.

For the reasons above indicated the demurrer in this case will be sustained.