STATE OF NORTH CAROLINA v. JAMES C. ROBERTS

No. 7214SC316

(Filed 24 May 1972)

**Larceny § 4— indictment — ownership of property**
> An indictment for larceny of property of "Ken's Quickie Mart" is fatally defective in failing to allege the ownership of the property in a natural person or a legal entity capable of owning property.

APPEAL by defendant from *McKinnon, Judge,* 4 October 1971 Session of Superior Court held in DURHAM County.

The defendant James C. Roberts was charged in a three count bill of indictment with breaking or entering, larceny, and receiving. The defendant pleaded not guilty. The jury found the defendant not guilty on the count charging breaking or entering and guilty on the count charging larceny. From a judgment entered on the verdict imposing a prison sentence of six to ten years, the defendant appealed.

*Attorney General Robert Morgan and Associate Attorney Louis W. Payne, Jr., for the State.*

*Thomas F. Loflin III for defendant appellant.*

HEDRICK, Judge.

The defendant assigns as error the Court's denial of his motion in arrest of judgment in the count charging the defendant with larceny.

A motion in arrest of judgment is one made after verdict and to prevent entry of judgment and is based upon the insufficiency of the indictment or some other fatal defect appearing on the face of the record. *State v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416 (1970).

The second count in the bill of indictment attempted to charge the defendant with felonious larceny in the following language:

". . . That James Clifford Roberts, on the 4th day of August, 1971, with force and arms, at and in the County aforesaid, after having unlawfully, willfully and feloniously broken into and entered a certain dwelling house and building occupied by one Ken's Quickie Mart with intent to

State v. Roberts

steal, take and carry away the merchandise, chattels, money, valuable securities and other personal property located therein, 139 cartons various brands cigarettes, 90 8-track Stereo Tapes; 1 Harrington Richardson .22 cal. pistol with holster serial #AC4851 of the value of $1,470.00 dollars, of the goods, chattels and moneys of the said Ken's Quickie Mart then and there being found unlawfully, willfully and feloniously did steal, take and carry away. . . ."

Citing *State v. Thornton*, 251 N.C. 658, 111 S.E. 2d 901 (1960), and *State v. Biller*, 252 N.C. 783, 114 S.E. 2d 659 (1960), defendant contends the second count of the bill of indictment charging him with felonious larceny is fatally defective because it did not sufficiently allege that the owner of the property allegedly stolen was either a natural person or a legal entity capable of owning property.

In his brief the Attorney General states, "In short, the State cannot distinguish the cases cited by defendant, which cases appear to dictate a finding of error in this case." An indictment for larceny which fails to allege the ownership of the property either in a natural person or a legal entity capable of owning property is fatally defective. *State v. Thompson*, 6 N.C. App. 64, 169 S.E. 2d 241 (1969); *State v. Biller, supra; State v. Thornton, supra.*

The bill of indictment in the present case does not allege that "Ken's Quickie Mart" is a corporation or other legal entity capable of owning property; nor does the name import that it is a corporation, and it is certainly not a natural person. The Court erred in not allowing the defendant's motion to arrest the judgment. The State, if it so desires, may proceed against the defendant upon a sufficient indictment. *State v. Thornton, supra.*

Judgment arrested.

Judges BRITT and PARKER concur.