STATE OF NORTH CAROLINA v. DONALD RAY CATHEY, Defendant

No. COA03-260

(Filed 20 January 2004)

## 1. Larceny— indictment—owner of property—substantial alteration

The trial court erred by allowing the State to amend a fatally defective larceny indictment that listed the owner of the property as "Faith Temple Church of God" instead of "Faith Temple Church—High Point, Incorporated," because: (1) a bill of indictment is fatally defective if it does not allege that an incorporated legal entity is a corporation or the name of the legal entity does not import that it is a corporation; and (2) the owner of the property in question is an essential element of larceny.

## 2. Appeal and Error— preservation of issues—plain error analysis

Although defendant contends the trial court committed plain error in a larceny, felonious breaking and entering, and resisting a public officer case by allegedly punishing defendant for exercising his right to a trial by jury, this issue is dismissed because: (1) plain error review is limited to errors in a trial court's jury instructions or a trial court's rulings on admissibility of evidence; and (2) defendant failed to raise an objection to properly preserve this issue for appeal.

## 3. Criminal Law— motion to view crime scene—photographs—diagram

The trial court did not abuse its discretion in a larceny, felonious breaking and entering, and resisting a public officer case by overruling defendant's motion for view of the crime scene, because the jury had an opportunity to see three photographs of the pertinent church and its surroundings as well as a diagram of the crime scene.

## 4. Evidence— article search—foundation—plain error analysis

The trial court did not commit plain error in a larceny, felonious breaking and entering, and resisting a public officer case by failing to intervene ex mero motu when testimony of an officer regarding an article search performed by him and his K-9 partner was admitted allegedly without a proper foundation because even assuming it was error to admit the testimony,

the absence of the error would not have resulted in a different verdict when the police officers and the pastor of the church testified the items identified by the pastor of the church were inside the church prior to the larceny and were found outside of the church soon after defendant's apprehension.

Appeal by defendant from judgment entered 1 August 2002 by Judge John O. Craig, III, in Superior Court, Guilford County. Heard in the Court of Appeals 2 December 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Joyce S. Rutledge, for the State.*

*Anne Bleyman for the defendant-appellant.*

WYNN, Judge.

By this appeal, Defendant, Donald Ray Cathey, presents the following issues for our consideration: Whether the trial court (I) erroneously allowed the State to amend a fatally defective larceny indictment; (II) committed plain error in punishing Defendant for exercising his right to a trial by jury in violation of his state and federal constitutional rights; (III) abused its discretion by overruling Defendant's motion for view of the crime scene; and (IV) committed plain error in failing to intervene *ex mero motu* in admitting testimony without a proper foundation. After careful review, we conclude the larceny indictment was fatally defective and the trial court erred in allowing an amendment of said indictment; otherwise, we find no error in the proceedings below.

The pertinent facts indicate that on 29 April 2001, local police officers responded to an alarm at the Faith Temple Church of God—High Point, Incorporated in High Point, North Carolina. Upon arrival, Officer Chris Wolanin and Lieutenant Larry Stroud observed a suspect, about ten feet away from the church, carrying a large black bag. The officers were unable to see the suspect's face. After the officers shined a flashlight on the suspect, the suspect stopped, went into a line of bushes that ran parallel to the church and ran away. Thereafter, Officer Brian McMillan pursued an individual whom Lieutenant Stroud illuminated with a flashlight. After a short pursuit, Defendant was arrested. Later, the officers recovered a black plastic bag and a boxed ceiling fan from the thicket. None of the latent fingerprints matched Defendant.

Following his convictions at a trial by jury, the trial court sentenced Defendant to imprisonment terms of 7 to 9 months for felonious breaking and entering; 7 to 9 months for felonious larceny to be served consecutively; and 30 days for resisting a public officer. Defendant appeals.

---

**[1]** On appeal, Defendant first contends the trial court erroneously allowed the State to amend a fatally defective larceny indictment as such amendment constituted a substantial alteration in violation of N.C. Gen. Stat. § 15A-923(e). We agree.

It is well established that "a valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony." *State v. Sturdivant*, 304 N.C. 293, 308, 283 S.E.2d 719, 729 (1981). The purpose of an indictment is to give a defendant notice of the crime for which he is being charged. *State v. Coker*, 312 N.C. 432, 323 S.E.2d 343. Our General Statutes state that "a bill of indictment may not be amended." N.C. Gen. Stat. § 15A-923(e) (2001), which has been interpreted by our Supreme Court to mean that "an indictment may not be amended in a way which 'would substantially alter the charge set forth in the indictment.' " *State v. Brinson*, 337 N.C. 764, 767, 448 S.E.2d 822, 824 (1994).

In this case, the felonious larceny indictment stated:

And the jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did steal, take and carry away one (1) Sharp VCR, one (1) Table Lamp, one (1) Ceiling Fan, and one (1) Fur Coat, *the personal property of Faith Temple Church of God*, such property having a value of two hundred and thirty five dollars ($235.00), pursuant to the commission of the felonious breaking and entering described in the charges above.

(Emphasis supplied) (R. p. 4). Defendant contends this indictment was fatally defective because it did not allege ownership of the property in a legal entity capable of owning property. Although commonly known as Faith Temple Church of God, the church is incorporated as "Faith Temple Church—High Point, Incorporated."

"An indictment for larceny which fails to allege the ownership of the property either in a natural person or a legal entity capable of owning property is fatally defective." *State v. Roberts*, 14 N.C. App.

648, 649, 188 S.E.2d 610, 611-12 (1972). As indicated in *Roberts*, if a bill of indictment does not allege that an incorporated legal entity is a corporation or the name of the legal entity does not import that it is a corporation, the indictment is fatally defective. Thus, the indictment in the case *sub judice*, was fatally defective.

The State argues, however, that our Supreme Court's recent decisions in *State v. Hunt*, 357 N.C. 257, 582 S.E.2d 593 (2003) and *State v. Watts*, 357 N.C. 366, 584 S.E.2d 740 (2003) indicate that defects in an indictment do not deprive a court of its power to adjudicate a case. However, these cases are limited to short-form murder indictments and do not change the indictment requirements delineated in N.C. Gen. Stat. § 15A-924. Indeed, in *Hunt*, our Supreme Court stated:

> Unlike a short-form indictment, the indictment in *Lucas* was not exempt from the statutory requirement, pursuant to N.C.G.S. § 15A-924, that indictments must state every element of the crime charged.

*Hunt*, 357 N.C. at 273, 582 S.E.2d at ——. As the owner of the property in question is an essential element of larceny, the larceny indictment in this case did not comply with the provisions of N.C. Gen. Stat. § 15A-924(a)(5). *See State v. Perry*, 305 N.C. 225, 233, 287 S.E.2d 810, 815 (1982) (stating the essential elements of larceny are: (1) taking of the property of another; (2) carrying it away; (3) without the owner's consent; and (4) with the intent to permanently deprive the owner of the property).

The State also argues that because "Faith Temple Church—High Point, Incorporated" is commonly known as "Faith Temple Church of God," the indictment was sufficient to apprise Defendant of the charges against him and to prevent subsequent prosecution of Defendant for the same offense. In support of its argument, the State relies upon *State v. Grant*, 104 N.C. 908, 10 S.E. 554 (1889) and *State v. Bell*, 65 N.C. 313 (1871), which stand for the proposition that in a larceny indictment, "if the owner may have a name by reputation, and if it is proved that he is as well known by that name as any other, a charge in the indictment in that name will be sufficient." *Grant*, 104 N.C. at 910, 10 S.E. at 555; *Bell*, 65 N.C. at 314. However, in *Grant* and *Bell*, our Supreme Court addressed larceny indictments alleging the property was owned by a natural person, and are, therefore, inapposite to indictments purporting to charge a defendant with larceny of a legal entity. As indicated by our Supreme Court in *State v. Thornton*, 251 N.C. 658, 662, 111 S.E.2d 901, 904 (1960), a

larceny indictment which does not indicate the legal entity is a corporation or the name of the legal entity does not import a corporation is fatally defective.

In this case, the trial court allowed the State to amend the larceny indictment to read "Faith Temple Church—High Point, Incorporated" rather than "Faith Temple Church of God." Following established case law, we are compelled to hold this amendment constituted a substantial alteration of the indictment and was therefore prohibited by N.C. Gen. Stat. § 15A-923(e). Accordingly, the trial court should have dismissed the larceny indictment.

[2] Defendant next contends the trial court committed plain error in punishing Defendant for exercising his right to a trial by jury in violation of his state and federal constitutional rights. "However, plain error review is limited to errors in a trial court's jury instructions or a trial court's rulings on admissibility of evidence." *State v. Golphin*, 352 N.C. 364, 460, 533 S.E.2d 168, 230 (2000). As Defendant did not raise this objection in the proceedings below, this issue is neither properly preserved nor subject to appellate review. *See* N.C. R. App. P. 10(b)(1).

[3] Next, Defendant contends the trial court committed error and abused its discretion by overruling Defendant's motion for view of the crime scene in violation of Defendant's state and federal rights. Pursuant to N.C. Gen. Stat. § 15A-1229, whether the trial judge allows a jury to view a crime scene is within the trial judge's discretion. *See also State v. Simpson*, 327 N.C. 178, 193, 393 S.E.2d 771, 780 (1990). In this case, the trial court indicated it did not want to allow the viewing of the crime scene because (1) it would slow the trial by several hours and there were other matters on the trial calendar, (2) it was extremely hot outside which would make the jurors uncomfortable, and (3) logistically, it could not be accomplished easily. Therefore, the trial court indicated it would prefer the use of several crime scene photos. The record indicates the jury had an opportunity to see three photographs of the church and its surroundings and a diagram of the crime scene. Under these facts we hold the trial court did not abuse its discretion in denying a viewing of the crime scene. *See id.* (finding no abuse of discretion occurred in denying a viewing of the crime scene where the jurors were able to see photographs and diagrams and had the aid of witness testimony).

[4] Finally, Defendant argues the trial court committed plain error in failing to intervene *ex mero motu* in admitting testimony of Officer

Terrance Garrison without a proper foundation in violation of Defendant's state and federal rights. Officer Terrance Garrison testified regarding an article search performed by him and his K-9 partner. Defendant contends·that as a proper foundation, the officer was required to testify about the canine's ability to perform the tasks in question, i.e., locate articles.

Under plain error analysis, "the appellate court must be convinced that absent the error the jury probably would have reached a different verdict." *State v. Riddle*, 316 N.C. 152, 161, 340 S.E.2d 75, 80 (1986). In this case, even assuming it was error to admit Officer Garrison's testimony, we conclude the absence of the error would not have resulted in a different verdict. In this case, the police officers and the pastor of the church testified the items identified by the pastor of the church were inside of the church prior to the larceny and were found outside of the church soon after Defendant's apprehension. Accordingly, we conclude plain error was not committed in admitting Officer Garrison's testimony.

In sum, we vacate Defendant's conviction on the charge of larceny but find no error in his convictions on the charges of felonious breaking and entering, and resisting a public officer.

Vacated in part, no error in part.

Judges TIMMONS-GOODSON and McCULLOUGH concur.