**STATE v. ABBOTT**

[217 N.C. App. 614 (2011)]

STATE OF NORTH CAROLINA v. SELVYN MARTIN ABBOTT

No. COA11-658

(Filed 20 December 2011)

**Indictment and Information—amendment—substantial alteration—larceny by employee—owner of property**

The trial court erred in a larceny by employee case by allowing the State to amend the bill of indictment by deleting the word "Incorporated," because this amendment constituted a substantial alteration of the charge against him. The indictment was defective for failure to accurately set forth the owner of the pertinent property. The judgment was vacated and the State's indictment against defendant was dismissed.

Appeal by Defendant from judgment entered 3 September 2009 by Judge Phyllis M. Gorham in New Hanover County Superior Court. Heard in the Court of Appeals 10 November 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Lisa K. Bradley, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Charlesena Elliot Walker, for Defendant-appellant.*

HUNTER, JR., Robert. N., Judge.

Selvyn Martin Abbott ("Defendant") appeals his conviction for larceny by employee. On appeal, Defendant contends: (1) the trial court erred by allowing the State to amend the bill of indictment; (2) the trial court erred by entering judgment against Defendant where the amended indictment failed to allege a victim capable of owning property; (3) the trial court committed plain error by failing to instruct the jury on "temporary deprivation" in its charge to the jury; and (4) the trial court erred by denying Defendant's motion to dismiss at the close of the evidence. After careful review, we vacate the trial court's judgment and dismiss the State's indictment against Defendant.

**I. Factual & Procedural Background**

The State's evidence at trial tended to show the following. In August 2008, Neil Schulman owned and operated a "full service sign shop" in Wilmington. The shop designed, carved, printed, and repaired

signs. Mr. Schulman operated the shop as a sole proprietorship under the name "Cape Fear Carved Signs." The shop had a workshop area and was equipped with a video surveillance system. Mr. Schulman's son, Keith Yow, and Shannon MacKay, a graphic designer, also worked at the shop.

On or about 11 August 2008, Mr. Schulman hired Defendant to perform mechanical work on some of the shop's equipment. Defendant was entrusted with some of the tools and had access to the tools in the workshop area of the shop but did not have permission to remove the tools from the shop. That same week, Mr. Schulman left on a trip to Florida.

On the afternoon of 14 August 2008, while Mr. Schulman was in Florida, Ms. MacKay observed Defendant leaving the shop "rolling like a suitcase kind of thing behind him." Bill Wesley Robinson, who worked at a muffler shop across the street from Cape Fear Carved Signs, also observed Defendant remove a black and yellow bag from the shop. Mr. Robinson found Defendant's behavior suspicious and telephoned "James," who operated a scooter shop immediately adjacent to the sign shop. Mr. Robinson observed as James confronted Defendant. Mr. Yow arrived at the sign shop around this time and approached James and Defendant. Mr. Yow inspected the bag Defendant had been carrying and discovered the bags contained tools from the sign shop. Defendant explained he was taking the tools home to charge their batteries, which struck Mr. Yow as odd because the tools could have been charged right there at the sign shop. Mr. Yow escorted Defendant home, then returned to the shop to determine if any tools were missing.

Upon returning from his trip to Florida, Mr. Schulman was informed of Mr. Yow's encounter with Defendant. Mr. Schulman investigated to see if any tools were missing. He discovered that a nail bag, a brand new nail gun set, a brand new wrench set, and two drills were missing. Mr. Schulman also discovered that several of the shop's security cameras had been disabled.

On 11 September 2008, Defendant was arrested for the offense of larceny by employee. On 15 December 2008, a New Hanover County Grand Jury returned a true bill of indictment against Defendant on one charge of larceny by employee. The indictment states that Defendant "being the employee of Cape Fear Carved Signs, Incorporated," embezzled and converted to his own use certain tools "valued at $2,420.00 . . . kept for his employer's use, with the intent to steal and to defraud his employer."

**STATE v. ABBOTT**

[217 N.C. App. 614 (2011)]

This case came on to be tried at the 31 August 2009 Criminal Session of New Hanover County Superior Court, the Honorable Judge Phyllis M. Gorham presiding. When the case was called, the State moved to amend the bill of indictment by striking the word "Incorporated" from its language. The prosecutor explained, "we've just been apprised that at the time of this incident, on the date of the alleged offense, the business had not yet been incorporated. It was a sole proprietorship." The prosecutor further stated that "the essence of the offense is not the holding of the property by the entity, but it's rather, the larceny. So this is not a substantial change." The trial court agreed and, over Defendant's objection, granted the State's motion to amend the indictment.

Following a two-day trial, the jury returned its verdict finding Defendant guilty as charged. Judge Gorham determined Defendant had a prior record level of IV and sentenced Defendant to imprisonment for a period of ten to twelve months. Defendant entered notice of appeal in open court.

## II. Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b), as Defendant appeals from the Superior Court's final judgment as a matter of right.

## III. Analysis

Defendant first contends the trial court erred by allowing the State to amend the bill of indictment by deleting the word "Incorporated," as this amendment constituted a substantial alteration of the charge against him. We agree.

"It is well settled that 'a valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony.' " *State v. Abraham*, 338 N.C. 315, 339, 451 S.E.2d 131, 143 (1994) (citation omitted). Lack of jurisdiction in the trial court due to a fatally defective indictment requires the appellate court to arrest judgment or vacate any order entered without authority. *State v. Hicks*, 148 N.C. App. 203, 205, 557 S.E.2d 594, 596 (2001). The issue of subject matter jurisdiction may be raised at any time, even for the first time on appeal. *See State v. Wallace*, 351 N.C. 481, 503, 528 S.E.2d 326, 341 (2000). The subject matter jurisdiction of the trial court is a question of law, which this Court reviews *de novo* on appeal. *Ales v. T.A. Loving Co.*, 163 N.C. App. 350, 352, 593 S.E.2d 453, 455 (2004).

A true bill of indictment represents the grand jury's formal accusation that the defendant has committed the charged offense. Thus, "[a] bill of indictment may not be amended." N.C. Gen. Stat. § 15A-923(e) ·(2009). Our Supreme Court "has interpreted prohibited amendments to mean 'any change in the indictment which would substantially alter the charge set forth in the indictment.'" *Abraham,* 338 N.C. at 340, 451 S.E.2d at 144 (quoting *State v. Price,* 310 N.C. 596, 598, 313 S.E.2d 556, 558 (1984)).

In the case *sub judice,* the indictment states:

> The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully, and feloniously did, being the employee of Cape Fear Carved Signs, Incorporated located at 418 Kentucky Avenue, Wilmington, North Carolina, go away with, embezzle, and convert to his own use one (1) DeWalt right angle drill, three (3) Senco nail guns, eight (8) assorted DeWalt power tools, one (1) Craftsman wrench set, one (1) Senco nail gun bag, and one (1) DeWalt XRP drill, all valued at $2,420.00 in total, which had been delivered to be kept for his employer's use, with the intent to steal and to defraud his employer. This act was done without his employer's consent and contrary to the trust and confidence reposed in him by his employer. The defendant was over 16 years old at the time of this offense.

The issue for this Court is whether the striking of the word "Incorporated" substantially alters the larceny by employee charge against Defendant.

In *State v. Cathey,* the larceny indictment alleged the defendant "unlawfully, willfully, and feloniously did steal, take and carry away . . . the personal property of Faith Temple Church of God." 162 N.C. App. 350, 352, 590 S.E.2d 408, 410 (2004). The trial court permitted the State to amend the indictment to replace "Faith Temple Church of God" with "Faith Temple Church—High Point, Incorporated." *Id.* at 352, 590 S.E.2d at 410. Absent this amendment, the trial court was without jurisdiction because "'[a]n indictment for larceny which fails to allege the ownership of the property either in a natural person or a legal entity capable of owning property is defective.'" *Id.* at 352, 590 S.E.2d at 410 (quoting *State v. Roberts,* 14 N.C. App. 648, 649, 188 S.E.2d 610, 611-12 (1972)). This Court held that the "owner of the property in question is an essential element of larceny," and, there-

fore, replacing "Faith Temple Church of God" with "Faith Temple Church—High Point, Incorporated" constituted a substantial alteration of the charge in the indictment. *Id.* at 353-54, 590 S.E.2d at 410-11.

Here, the original indictment alleged the ownership of stolen property in "Cape Fear Carved Signs, Incorporated." This language represents that Cape Fear Carved Signs, as a corporate entity, owned the property allegedly stolen by Defendant. Although a corporation is a legal entity entitled to own property, Cape Fear Carved Signs was not incorporated at the time of the alleged theft; Mr. Schulman operated the sign shop as a sole proprietorship. Thus, Mr. Schulman, not Cape Fear Carved Signs, Incorporated, owned the property in question. As the owner of the property in question is an essential element of larceny, we hold the State's amendment to correct this error was a substantial alteration of the charge in the indictment. We further hold the trial court erred by allowing the amendment and failing to dismiss the indictment against Defendant. Accordingly, we vacate the judgment of the trial court and dismiss the State's indictment against Defendant.

We note the State does not contend the amendment was not a substantial alteration of the charge in the indictment. Nor does the State contend the indictment was not defective. Instead, the State argues Defendant "waived his ability to contest any and all alleged defects in the amended indictment because he did not move to dismiss it at trial." This argument is without merit. The case cited by the State in support of its position, *State v. Frogge*, involved a defendant who was challenging the indictment on the basis of an irregularity in the array of the grand jury. 351 N.C. 576, 584, 528 S.E.2d 893, 898 (2000). A challenge to the array of the grand jury must be made, by motion, at or before the time of arraignment. N.C. Gen. Stat. §§ 15A-952(b)-(c) (2009); 15A-955(1) (2009) (providing the court may dismiss an indictment on the motion of the defendant if "[t]here is ground for a challenge to *the array*." (Emphasis added)). Otherwise, the defendant waives this objection. N.C. Gen. Stat. § 15A-952(e) (2009). Thus, because the defendant in *Frogge* failed to raise this challenge before the trial court, our Supreme Court, citing sections 15A-952(e) and 15A-955(1) of our General Statutes, held the defendant had waived his "objection to the impropriety of [the] indictment by not making a motion to dismiss the indictment." *Frogge*, 351 N.C. at 584, 528 S.E.2d at 898.

Here, Defendant is not challenging the array of the grand jury. Defendant has taken issue with the indictment's failure to correctly

recite the owner of property allegedly stolen by Defendant. As discussed *supra*, the owner of the property in question is an essential element of the offense for which Defendant has been charged. This defect is jurisdictional, and the well-established rule holds true: where an indictment confers subject matter jurisdiction upon the trial court, any defect in the indictment that would deprive the trial court of its jurisdiction over the matter in controversy may be challenged *at any time*.

## IV. Conclusion

We hold the indictment was defective for failure to accurately set forth the owner of the property in question. The trial court erred in allowing the State to correct this error, as the amendment to the indictment substantially altered the charge against Defendant. For the foregoing reasons, we dismiss the State's indictment against Defendant without prejudice, and the trial court's judgment must be

Vacated.

Judges THIGPEN and MCCULLOUGH concur.