IN THE SUPREME COURT OF NORTH CAROLINA

No. 252PA14

11 June 2015

STATE OF NORTH CAROLINA

v.

THOMAS CRAIG CAMPBELL

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 759 S.E.2d 380 (2014), vacating in part and reversing in part a judgment entered on 12 June 2013 by Judge Linwood O. Foust in Superior Court, Cleveland County, and remanding for entry of a revised judgment and resentencing thereon.   Heard in the Supreme Court on 22 April 2015.

*Roy Cooper, Attorney General, by Teresa M. Postell, Assistant Attorney General, for the State-appellant.*

*Staples S. Hughes, Appellate Defender, by Barbara S. Blackman, Assistant Appellate Defender, for defendant-appellee.*

NEWBY, Justice.

In this case we must decide whether an indictment charging defendant with larceny is fatally flawed because it did not specifically state that a church, the alleged co-owner of the stolen property, is an entity capable of owning property, and whether the State presented sufficient evidence of defendant's intent to commit larceny to support his conviction for felonious breaking or entering a place of worship.  Because the name of a church necessarily imports an entity capable of owning property, we

hold that the indictment was sufficient on its face. Furthermore, we conclude that the State presented sufficient evidence of defendant's criminal intent to commit larceny. Therefore, we reverse the decision of the Court of Appeals and remand this case to that court for consideration of any remaining issues.

On 8 October 2013, the Cleveland County Grand Jury indicted defendant for felony breaking or entering a place of worship and felony larceny after breaking or entering. The larceny indictment specifically alleged that, on 15 August 2012, defendant stole "a music receiver, microphones and sounds system wires, the personal property of Andy Stevens and Manna Baptist Church, . . . in violation of N.C.G.S. [§] 14-54.1(a)." Defendant pled not guilty.

At trial, the State's evidence showed that at the conclusion of Sunday services on 19 August 2012, Pastor Andy Stevens of Manna Baptist Church discovered that some audio equipment was missing. Pastor Stevens lives on the Manna Baptist Church property. He testified that the church doors may have been inadvertently left unlocked on 15 August, following Wednesday evening services. When the church secretary arrived the next morning, she locked the doors, and they remained locked until Sunday morning. Although there was no sign of forced entry, Pastor Stevens found defendant's wallet in the baptistry changing area at the back of the church close to where some of the missing equipment previously had been located.

A detective testified that she spoke with defendant at the Cleveland County Detention Center, where he was being held on an unrelated charge. When defendant

learned the detective wished to speak with him, he said, "[T]his can't possibly be good. What have I done now that I don't remember?" Defendant then admitted to being at Manna Baptist Church the night the doors were left unlocked. He said he was on "a spiritual journey" and "had done some things," but "did not remember what he had done" in the church.

At the close of the State's evidence, the trial court denied defendant's motion to dismiss the charges based on insufficient evidence. Defendant then testified on his own behalf. He stated that on the night in question, he was asked to leave the house in which he was living, so he packed a duffle bag with his clothes and started walking toward a friend's house. Along the way, he dumped the bag in a ditch because it was too heavy to carry. Defendant arrived at his friend's house around midnight. When his friend's girlfriend asked him to leave, he kept walking until he reached Manna Baptist Church. Defendant noticed that the door to the church was cracked open. He was thirsty from walking all night, so he entered the church with the intent to find water and sanctuary. Defendant stated that once inside, he prayed, slept, "tried to do a lot of soul searching," and drank a bottle of water, although he admitted he was "not really sure exactly what [he] did the whole time [he] was" in the church. He also testified that he "did not take anything away from the church" when he left at daybreak.

After leaving the church, defendant felt chest pains, so he called 9-1-1. Defendant testified that he was taking a host of medications at the time, including a

psychotropic drug, for his heart condition, stress disorder, bipolar condition, and diabetes. An Emergency Medical Technician ("E.M.T.") responded to the call around 6:30 a.m. on Thursday. The E.M.T. testified that defendant said he had been "wandering all night," that defendant looked "disheveled" and "worn out," and that defendant's "shoes were actually worn through the soles." The E.M.T. did not see defendant carrying anything.

At the close of evidence, defendant renewed his motion to dismiss for insufficient evidence, which the trial court again denied. The jury found defendant guilty of felony larceny and felony breaking or entering a place of religious worship, and defendant appealed.

The Court of Appeals vacated defendant's larceny conviction and reversed his conviction for breaking or entering. *State v. Campbell*, ___ N.C. App. ___, ___, 759 S.E.2d 380, 382 (2014). The Court of Appeals opined that when a larceny "indictment alleges multiple owners, one of whom is not a natural person, failure to allege that such an owner has the ability to own property is fatal to the indictment." *Id.* at ___, 759 S.E.2d at 384. Therefore, the Court of Appeals concluded that the larceny indictment was "fatally flawed" because it failed to "allege that Manna Baptist Church is a legal entity capable of owning property." *Id.* at ___, 759 S.E.2d at 384. The Court of Appeals further concluded that the State presented insufficient evidence of defendant's intent to commit larceny, an essential element of felony breaking or entering a place of worship. *Id.* at ___, 759 S.E.2d at 384. The Court of Appeals

remanded the case to the trial court for entry of judgment on misdemeanor breaking or entering, a lesser-included offense that does not require criminal intent. *Id.* at ___, 759 S.E.2d at 387. We allowed the State's petition for discretionary review. *State v. Campbell*, 367 N.C. 792, 766 S.E.2d 635 (2014).

It is well settled "that a valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony." *State v. Sturdivant*, 304 N.C. 293, 308, 283 S.E.2d 719, 729 (1981) (citations omitted). The purpose of the indictment is to give a defendant reasonable notice of the charge against him so that he may prepare for trial. *Id.* at 311, 283 S.E.2d at 731 (citation omitted). A defendant can challenge the facial validity of an indictment at any time, and a conviction based on an invalid indictment must be vacated. *See, e.g., McClure v. State*, 267 N.C. 212, 215, 148 S.E.2d 15, 17-18 (1966) (citation omitted).

To be valid a larceny indictment must " 'allege the ownership of the [stolen] property either in a natural person or a legal entity capable of owning (or holding) property.' " *State v. Jessup*, 279 N.C. 108, 112, 181 S.E.2d 594, 597 (1971) (citations omitted). The indictment here specifically alleges that defendant stole audio equipment belonging to "Andy Stevens and Manna Baptist Church." Because Andy Stevens is a natural person, naming him is sufficient to allege ownership of the property in him. *State v. Thornton*, 251 N.C. 658, 662, 111 S.E.2d 901, 903 (1960) (" 'If the property alleged to have been stolen is that of an individual, the name of the individual, if known, should be stated . . . .' "). Defendant nevertheless contends that

the indictment is fatally defective because it fails to allege that Manna Baptist Church is a corporation or other legal entity capable of owning property. We disagree.

When alleging ownership in an entity, an indictment must specify that the owner, "if not a natural person, is a corporation or otherwise a legal entity capable of owning property," unless the entity's name itself "imports an association or a corporation capable of owning property." *Id.* at 661, 111 S.E.2d at 903. In *Thornton* we held that an indictment alleging the defendant embezzled money belonging to "The Chuck Wagon" was "fatally defective" because it failed to allege "that 'The Chuck Wagon' is a corporation, and the words 'The Chuck Wagon' do not import a corporation." *Id.* at 662, 111 S.E.2d at 904. We further explained, however, that the words "corporation," "incorporated," "limited," or "company," or their abbreviated form, sufficiently identify a corporation in an indictment. *Id.* Moreover, we cited favorably a Georgia appellate court decision holding that including the word "church" in the entity's name sufficiently "import[s] a religious association" capable of owning property. 251 N.C. at 661, 111 S.E.2d at 903 (citing *Gibson v. State*, 13 Ga. App. 67, 78 S.E. 829 (1913) (mem.)). This view is consistent with our statutes recognizing that churches are entities capable of owning property in North Carolina. *See* N.C.G.S §§ 61-2 to -5 (2013). Therefore, we hold that alleging ownership of property in an entity identified as a church or other place of religious worship, like identifying an entity as a "company" or "incorporated," signifies an entity capable of owning property, and the line of cases from the Court of Appeals that has held otherwise is overruled. *See, e.g.*,

*State v. Patterson*, 194 N.C. App. 608, 614, 671 S.E.2d 357, 361 (holding that indictment naming "First Baptist Church of Robbinsville" was fatally defective), *disc. rev. denied*, 363 N.C. 587, 683 S.E.2d 383 (2009); *State v. Cathey*, 162 N.C. App. 350, 353-54, 590 S.E.2d 408, 410-11 (2004) (holding that indictment naming "Faith Temple Church of God" was fatally defective).   Accordingly, the larceny indictment here is valid on its face even though it does not specify that Manna Baptist Church is an entity capable of owning property, and the Court of Appeals erred in vacating defendant's conviction for larceny on that basis.

The State next contends that the Court of Appeals incorrectly reversed and remanded defendant's conviction for felony breaking or entering because of insufficient evidence of defendant's intent to commit larceny at the time of the breaking or entering.  To survive a motion to dismiss for insufficient evidence, the State must present "substantial evidence of all the material elements of the offense charged and that the defendant was the perpetrator of the offense." *State v. Myrick*, 306 N.C. 110, 113-14, 291 S.E.2d 577, 579 (1982) (citations omitted).  The trial court must consider the evidence "in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom; contradictions and discrepancies are for the jury to resolve and do not warrant dismissal." *State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980) (citations omitted).

Defendant was charged under N.C.G.S. § 14-54.1(a) with wrongfully breaking

or entering Manna Baptist Church *with intent to commit a larceny therein*. To meet its burden, the State must offer substantial evidence that defendant broke or entered the building with the requisite criminal intent. In *State v. Bell* we explained:

> Intent is a mental attitude seldom provable by direct evidence. It must ordinarily be proved by circumstances from which it may be inferred. "The intent with which an accused broke and entered may be found by the jury from evidence as to what he did within the [building]. . . . However, the fact that a felony was actually committed after the [building] was entered is not necessarily proof of the intent requisite for the crime of [larceny]. It is only evidence from which such intent at the time of the breaking and entering may be found. Conversely, actual commission of the felony . . . is not required in order to sustain a conviction of [larceny]."

285 N.C. 746, 750, 208 S.E.2d 506, 508 (1974) (second alteration in original) (citations omitted).

Here evidence showed that defendant unlawfully broke and entered Manna Baptist Church late at night. *See State v. Sweezy*, 291 N.C. 366, 383, 230 S.E.2d 524, 535 (1976) ("It is well established that the mere pushing or pulling open of an unlocked door constitutes a breaking."). Defendant did not have permission to be inside the church and could not remember what he did while there, and Pastor Stevens found defendant's wallet near the place where some of the missing equipment previously had been stored. Considered in the light most favorable to the State, this evidence was sufficient to take the case to the jury on the question of defendant's intent to commit larceny when he broke and entered Manna Baptist Church.

Therefore, the trial court properly denied defendant's motion to dismiss the breaking or entering charge for insufficient evidence.

Thus, we hold that the larceny indictment alleging ownership of stolen property of Manna Baptist Church sufficiently alleged ownership in a legal entity capable of owning property. We further conclude that the State presented sufficient evidence of defendant's criminal intent to sustain a conviction for felony breaking or entering a place of religious worship, and the trial court properly denied defendant's motions to dismiss. Accordingly, we reverse the decision of the Court of Appeals and remand this case to that court for consideration of any remaining issues on appeal.

REVERSED AND REMANDED.