STATE OF NORTH CAROLINA v. SAMMIE LEWIS THOMPSON

No. 6926SC326

(Filed 27 August 1969)

**Larceny § 4; Indictment and Warrant § 11— sufficiency of warrant — ownership of stolen property — "Belk's Department Store"**

A warrant for the larceny of property from "Belk's Department Store" is fatally defective in failing to allege sufficiently that the owner of the property allegedly stolen is either a natural person or a legal entity capable of owning property.

APPEAL by defendant from *Thornburg, J.,* 3 February 1969 Schedule "D" Criminal Session, MECKLENBURG Superior Court.

Defendant was charged with the larceny of three dresses of the value of $56.00 from "Belk's Department Store" in Charlotte. He was tried in the city recorder's court, found guilty, and appealed. On his trial in the superior court, he was represented by counsel, but the record is silent as to whether counsel was privately retained or court appointed. He entered a plea of not guilty. From a verdict of guilty and judgment entered thereon, he appealed. Upon a finding of defendant's indigency, counsel was appointed to perfect his appeal, and Mecklenburg County was ordered to pay the costs of preparation of transcript and printing the record on appeal and brief.

*Attorney General Robert Morgan and Staff Attorney Richard N. League for the State.*

*Peter H. Gerns for defendant appellant.*

PARKER, J.

Defendant, as he had a right to do, filed in this Court a written motion in arrest of judgment on the ground that the warrant under which he was tried, convicted, and sentenced is fatally defective in that it fails to allege sufficiently that the owner of the property allegedly stolen is either a natural person or a legal entity capable of owning property. The warrant charges theft of three dresses from "Belk's Department Store, 113 E. Trade Street." The record is silent as to whether the owner of the property is, in fact, a corporation, a sole proprietorship, or a partnership.

Defendant relies on *State v. Thornton*, 251 N.C. 658, 111 S.E. 2d 901. There defendant was charged with embezzlement from "The Chuck Wagon." Parker, J. (now C.J.) discussed the two lines of authorities in respect to the necessity of allegation in the warrant or indictment in a prosecution for "larceny or embezzlement":

> "One line of authorities holds to the proposition that, in a prosecution for larceny or embezzlement, it is necessary to allege in the indictment that the owner of the property, if not a natural person, is a corporation or otherwise a legal entity capable of owning property. Another line of authorities is cited, where in some jurisdictions the foregoing rule has been relaxed, and which holds that where the name of the company alleged in the indictment imports an association or a corporation capable of owning property as a legal entity, it is not necessary to allege specifically that it is a corporation. See 18 Am. Jur., Section 45."

The Court noted the statutory requirement that the corporate name must contain the word "corporation," "incorporated," "limited," or "company," or an abbreviation of one of these words. G.S. 55-12. The only change in the requirement of the 1955 Business Corporation Act and the prior Act was the addition of the word "limited." (See § 55-2 former Chapter 55, General Statutes of North Carolina). In the *Thornton* case, the court held that there was no allegation that "The Chuck Wagon" is a corporation and the words "The Chuck Wagon" do not import a corporation; and, therefore, the indictment was fatally defective.

In the later case of *State v. Biller*, 252 N.C. 783, 114 S.E. 2d 659, the defendants were prosecuted under warrants charging theft of property of "U-Wash-It, in Chapel Hill." The defendant moved in the Supreme Court in arrest of judgment for failure of the warrant to allege ownership in a natural person or legal entity capable of

owning property. The Court, on authority of *State v. Thornton*, *supra*, held the warrant to be fatally defective and arrested judgment.

Here, we cannot say that "Belk's Department Store" imports a corporation, there is no allegation that it is a corporation, nor is there any allegation that it is a proprietorship or a partnership. The name "Belk's Department Store" certainly does not suggest a natural person. As in *Thornton* and *Biller*, we are compelled to hold the warrant is fatally defective. The State, of course, if it so desires, may proceed against the defendant upon a sufficient warrant.

Judgment arrested.

MALLARD, C.J., and BRITT, J., concur.