STATE OF NORTH CAROLINA v. ANTONIO BROWN, Defendant

No. COA06-553

(Filed 3 July 2007)

**Larceny— indictment—entity capable of owning property**
    The trial court erred by denying defendant's motion to dismiss the charge of felony larceny at the close of evidence on the grounds that the State failed to adequately allege ownership of the property, because: (1) the indictment did not specify that "Smoker Friendly Store, Dunn, North Carolina" was a legal

entity capable of owning property, nor did the name suggest a natural person; (2) although the State contends that both counts of the indictment read together show the store was a legal entity capable of owning property, each count of an indictment containing several counts should be complete in itself; and (3) although allegations in one count may be incorporated by reference in another count, the defective first count does not incorporate by reference any language used in the second count.

Appeal by defendant from judgment entered 16 August 2005 by Judge John R. Jolly in Harnett County Superior Court. Heard in the Court of Appeals 6 December 2006.

*Attorney General Roy Cooper, by Assistant Attorney General John W. Congleton, for the State.*

*John T. Hall for defendant-appellant.*

ELMORE, Judge.

Antonio Brown (defendant) was convicted by a jury of felony larceny on 16 August 2005 and was sentenced to serve fifteen to eighteen months in prison. It is from this conviction that he appeals.

Defendant and two other men entered the Smoker Friendly Store in Dunn on 5 December 2004. They immediately began asking the store clerk, Tina Honeycutt, about the prices of cigarettes. Defendant approached Honeycutt, who was standing at the counter and working alone that evening, while the other men went to the back of the store where the cigarettes were kept. Defendant requested a money order for $125.00 and a pack of cigarettes. Honeycutt sold him two packs of Newports for $5.00, after which defendant rejoined his companions. The three men left the store and then returned a few moments later, at which time defendant attempted to sell Honeycutt some jewelry, alleging that she should buy it because she had "been wrong to [her] man." Honeycutt declined the offer, and defendant rejoined his companions at the back of the store. A videotape of the incident shows the three men taking cartons of cigarettes from the shelves at the back of the store. The three men then walked out and as defendant was leaving, he said "You'll be sorry." Honeycutt testified that, "He looked at me and smiled and said, 'You'll be sorry.' I'll never forget that. That's implanted onto my brain."

After the men left, Honeycutt contacted her manager, who determined that fifty-two cartons of cigarettes, collectively worth approximately $1,400.00, were missing.

During the investigation on 16 February 2005, Honeycutt was shown a photographic lineup, from which she identified defendant. Rather than using a traditional "mug book," the detective used a computer program that displays individual photos, rather than an array of six or eight, on the screen. When setting up the photo display, the detective chose a broad category of "black males" for the photo database and then inserted defendant's photograph into the virtual lineup. The computer then randomly selected and displayed photographs from that database. By clicking the screen, the detective was able to advance from one photograph to the next. Defendant's photograph had been inserted into the photo array and appeared within the first four to eight photographs. When defendant's picture appeared on the screen, Honeycutt immediately and without hesitation pointed to him on the screen and said, " 'That's him' or 'That's the man, right there.' " She then commented, " 'I'll never forget that smile . . . I'll never forget it.' "

The detective testified that he did not suggest to Honeycutt who she should choose, or who was a suspect. He did not reveal any of the men's identities, including defendant's. He purposefully selected only black men to display alongside defendant's photograph because defendant is a black man. Defense counsel objected to the use of this identification because the State could not show the trial court which photographs were used in the virtual lineup. The judge conducted *voir dire*, and eventually overruled the objection, but asked that the State lay additional foundation in front of the jury.

At the close of the State's case-in-chief, defense counsel moved to suppress evidence generated by the virtual lineup. The trial judge denied this motion without making any findings of fact or conclusions of law.

Defendant first argues that the trial court erred

by denying defendant's motion to dismiss at the close of evidence on the grounds that the State failed to adequately allege ownership of the property subject to the alleged larceny both in the indictment and during the presentation of evidence.

The indictment states that the missing cartons of cigarettes were the personal property of "Smoker Friendly Store, Dunn, North Carolina."

"To be sufficient, an indictment for larceny must allege the owner or person in lawful possession of the stolen property. If the entity named in the indictment is not a person, it must be alleged that the victim was a legal entity capable of owning property[.]" *State v. Phillips*, 162 N.C. App. 719, 720-21, 592 S.E.2d 272, 273 (2004) (internal citations and quotations omitted) (alteration in original). "If a larceny indictment names a corporation as the owner, 'the name of the corporation should be given, and the fact that it is a corporation stated, unless the name itself imports a corporation.' " *State v. Cave*, 174 N.C. App. 580, 581, 621 S.E.2d 299, 300 (2005) (quoting *State v. Thornton*, 251 N.C. 658, 662, 111 S.E.2d 901, 903 (1960)). "[A] larceny indictment which does not indicate the legal entity is a corporation or the name of the legal entity does not import a corporation is fatally defective." *State v. Cathey*, 162 N.C. App. 350, 353-54, 590 S.E.2d 408, 410 (2004); *see, e.g., State v. Thompson*, 6 N.C. App. 64, 66, 169 S.E.2d 241, 242 (1969) (arresting judgment after holding that the words, "Belk's Department Store," in the indictment do not import a corporation, that the indictment does not allege that "Belk's Department Store" is a corporation, proprietorship, or partnership, and that " 'Belk's Department Store' certainly does not suggest a natural person"); *State v. Biller*, 252 N.C. 783, 783-84, 114 S.E.2d 659, 659-60 (1960) (arresting judgment after holding that the indictment, which described the stolen property's owner as, "U-Wash-It, in Chapel Hill," "did not sufficiently allege that the owner of the property allegedly stolen was either a natural person or a legal entity capable of owning property").

The indictment at issue here does not specify that "Smoker Friendly Store, Dunn, North Carolina" is a legal entity capable of owning property, nor does the name suggest a natural person. As in *Thompson*, the indictment merely states that the entity is a store. The State argues that when both counts of the indictment are read together, the indictment does specify that Smoker Friendly Store is a legal entity capable of owning property. However, "[i]t is settled law that each count of an indictment containing several counts should be complete in itself." *State v. Moses*, 154 N.C. App. 332, 336, 572 S.E.2d 223, 226 (2002) (quoting *State v. Hackney*, 12 N.C. App. 558, 559, 183 S.E.2d 785, 786 (1971)). It is also settled that "allegations in one count may be incorporated by reference in another count." N.C. Gen. Stat. § 15A-924(a)(2) (2005).

The second count of the indictment, which the State urges us to consider in tandem with the defective first count, states that the prop-

erty stolen was "the personal property of the person, corporation, and other legal entity described in Count I above . . . ." The second count incorporates by reference the description used in the first count, but we cannot agree that the first count is saved by the additional language used in the second count; the first count does not incorporate by reference any language used in the second count, and without this incorporation by reference, we must read the first count without consideration of the second.

Accordingly, the judgment below is vacated.

Vacated.

Judges HUNTER and McCULLOUGH concur.