IN THE SUPREME COURT OF NORTH CAROLINA

No. 143PA15

Filed 18 March 2016

STATE OF NORTH CAROLINA

v.

JACOB MARK SPIVEY

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 769 S.E.2d 841 (2015), finding no error in part and vacating in part judgments entered on 9 May 2014 by Judge Phyllis M. Gorham in Superior Court, New Hanover County, and remanding for resentencing on defendant's remaining convictions.   Heard in the Supreme Court on 7 December 2015.

*Roy Cooper, Attorney General, by Brent D. Kiziah, Assistant Attorney General, for the State-appellant.*

*Staples S. Hughes, Appellate Defender, by James R. Grant, Assistant Appellate Defender, for defendant-appellee.*

NEWBY, Justice.

In this case we decide whether an indictment charging defendant with injury to real property "of Katy's Great Eats" is fatally flawed because it does not specifically identify "Katy's Great Eats" as a corporation or an entity capable of owning property. An indictment for injury to real property must describe the property in sufficient detail to identify the parcel of real property the defendant allegedly injured.   The

indictment needs to identify the real property itself, not the owner or ownership interest. By describing the injured real property as "the restaurant, the property of Katy's Great Eats," the indictment sufficiently identifies the crime being charged. Because it gives defendant reasonable notice of the charge against him and enables him to prepare his defense and protect against double jeopardy, the indictment is facially valid. We therefore reverse the decision of the Court of Appeals on that issue.

The State presented evidence at trial that showed that on 11 January 2013, defendant was at a restaurant called "Katy's Great Eats" to sing karaoke. When defendant went outside to the patio to smoke a cigarette, another patron, Christina Short, made a joke about President Obama and mocked defendant for voting for him. Defendant did not respond and went back inside the restaurant to eat his food. Approximately ten minutes later, as defendant was leaving the restaurant and walking to his car, Ms. Short made another derogatory comment toward him. Defendant again did not respond. Instead, angered by Ms. Short's comments, defendant got into his car, backed it across the parking lot, and drove it straight into the patio area of the restaurant where Ms. Short and other patrons stood. The car crashed into the front window and outside wall of the restaurant before stopping. Defendant attempted to flee in his car, but police stopped him a short distance away. Defendant admitted to police that he drove his car into the restaurant with the intent to hurt Ms. Short, but he denied trying to kill her.

A grand jury returned six bills of indictment for a variety of charges stemming from the incident, including attempted first-degree murder, assault with a deadly weapon with intent to kill inflicting serious injury, felony hit and run, injury to real property, reckless driving to endanger, and eleven counts of assault with a deadly weapon. The indictment in Case Number 13CRS050341 stated:

> I. The jurors for the State upon their oath present that . . . the defendant . . . unlawfully, willfully, and feloniously did fail to immediately stop the vehicle the defendant was driving at the scene of an accident and collision in which the defendant was involved. This accident and collision occurred at Katy's Great Eats 1054 S. College Rd, Wilmington, North Carolina and resulted in injury to a person, to wit: Christina Marie Short. The defendant knew and reasonably should have known that the vehicle that the defendant was operating was involved in the accident and collision and that the accident and the collision had resulted in injury to a person, to wit: Christina Marie Short.
>
> II. The jurors for the State upon their oath present that . . . the defendant . . . unlawfully and willfully did wantonly damage, injure and destroy real property, front patio, façade, and porch of the restaurant, the property of Katy's Great Eats.
>
> III. The jurors for the State upon their oath present that . . . the defendant . . . unlawfully and willfully did operate a motor vehicle on a public vehicular area without due caution and circumspection and at a speed or in a manner so as to endanger persons or property.

At the close of the State's evidence at trial, defendant moved to dismiss several charges, including Count II in the above indictment for injury to real property.

Defendant argued that the indictment failed to allege "Katy's Great Eats" was a legal entity capable of owning property and that the proper legal name of the corporate entity is "Katy's Great Eats, Inc." The trial court denied defendant's motion. Defendant did not present any evidence.

During closing argument, defense counsel admitted that defendant was at "Katy's" on the night in question, that Ms. Short insulted defendant on two separate occasions, and that defendant subsequently drove his car into "Katy's bar." Defendant's primary defense was that his conduct was not deliberate or premeditated; rather, he drove his car into the restaurant with the general intent to hurt, not kill, Ms. Short. In fact, defense counsel not only admitted that defendant drove his car into "Katy's bar," but also asked the jury to find defendant guilty of assault with a deadly weapon inflicting serious injury, felony hit and run, and, significant here, injury to real property. Ultimately, the jury found defendant guilty of assault with a deadly weapon inflicting serious injury, six counts of assault with a deadly weapon, and one count each of felony hit and run, reckless driving to endanger, and injury to real property.

The Court of Appeals vacated defendant's conviction for injury to real property and remanded the matter for resentencing. *State v. Spivey*, ___ N.C. App. ___, ___, 769 S.E.2d 841, 844 (2015). The Court of Appeals concluded that Count II of the indictment charging injury to real property "is invalid on its face" because it "does not

contain any allegation that the victim, 'Katy's Great Eats,' is a legal entity capable of owning property, and the name 'Katy's Great Eats' does not otherwise import a corporation or other entity capable of owning property." *Id.* at ___, 769 S.E.2d at 844. We allowed the State's petition for discretionary review.

It is well settled "that a valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony." *State v. Sturdivant*, 304 N.C. 293, 308, 283 S.E.2d 719, 729 (1981) (citations omitted). The Criminal Procedure Act of 1975 (1975 Act) requires that an indictment contain "[a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant . . . of the conduct which is the subject of the accusation." N.C.G.S. § 15A-924(a)(5) (2015). The 1975 Act was intended "to simplify criminal proceedings." *State v. Freeman*, 314 N.C. 432, 436, 333 S.E.2d 743, 746 (1985). Under this statutory framework,

> it is not the function of an indictment to bind the hands of the State with technical rules of pleading; rather, its purposes are to identify clearly the crime being charged, thereby putting the accused on reasonable notice to defend against it and prepare for trial, and to protect the accused from being jeopardized by the State more than once for the same crime.

*Sturdivant*, 304 N.C. at 311, 283 S.E.2d at 731 (citation omitted). An indictment must allege "all the essential elements of the offense endeavored to be charged," *State v. Hunt*, 357 N.C. 257, 267, 582 S.E.2d 593, 600 (quoting *State v. Greer*, 238 N.C. 325,

327, 77 S.E.2d 917, 919 (1953)), *cert. denied*, 539 U.S. 985 (2003), but it is generally sufficient if couched in the language of the statutory offense, *State v. Williams*, ___ N.C. ___, ___, 781 S.E.2d 268, 272 (2016) ("[T]his Court has acknowledged the general rule that an indictment using 'either literally or substantially' the language found in the statute defining the offense is facially valid and that 'the quashing of indictments is not favored.' " (quoting *State v. James*, 321 N.C. 676, 681, 365 S.E.2d 579, 582 (1988))).

Here defendant was charged with injury to real property under section 14-127, which makes it a crime to "willfully and wantonly damage, injure or destroy any real property whatsoever, either of a public or private nature." N.C.G.S. § 14-127 (2015). Count II of defendant's indictment specifically alleges that he "unlawfully and willfully did wantonly damage, injure and destroy real property, front patio, façade, and porch of the restaurant, the property of Katy's Great Eats." The indictment mirrors the language of the controlling statute, and the description of the real property as "the property of Katy's Great Eats" clearly identifies the specific parcel of real property defendant allegedly injured. It is clear from the transcript that there was no confusion or controversy at trial regarding which establishment defendant damaged. Consequently, the indictment sufficiently advised defendant of the conduct that is the subject of the accusation.

Ideally, an indictment for injury to real property should include the street address or other clear designation, when possible, of the real property alleged to have been injured; however, under N.C.G.S. § 15A-925, had defendant been confused regarding which parcel of real property he was accused of injuring or "need[ed] more information to mount his preferred defense, he [could have] 'request[ed] a bill of particulars to obtain information to supplement the facts contained in the indictment.' " *State v. Jones*, 367 N.C. 299, 310-11, 758 S.E.2d 345, 353 (2014) (Martin, J., concurring in part and dissenting in part) (quoting *State v. Randolph*, 312 N.C. 198, 210, 321 S.E.2d 864, 872 (1984)).

Defendant argues, and the Court of Appeals agreed, that we should treat indictments charging injury to real property no differently than indictments charging crimes involving personal property, such as larceny, embezzlement, or injury to personal property. In so holding, the Court of Appeals relied on its own decision in *State v. Lilly*, 195 N.C. App. 697, 673 S.E.2d 718, *disc. rev. denied*, 363 N.C. 586, 683 S.E.2d 214 (2009). In *Lilly* the Court of Appeals recognized that N.C.G.S. § 14-127 "does not appear to require that an indictment for injury to real property contain any allegation at all regarding the owner or possessor of the property," *id.* at 702, 673 S.E.2d at 722, but the court nonetheless concluded the indictment was required to contain an allegation regarding ownership or possession, *id.* at 702-03, 673 S.E.2d at 722. The statute under which defendant here was charged, N.C.G.S. § 14-127, does not require that the real property be "of another." Instead, it criminalizes damaging

"any real property whatsoever," making the identity of the owner largely irrelevant as long as a defendant has adequate notice to prepare a defense. N.C.G.S. § 14-127.

Moreover, there is a fundamental difference between personal property and real property. Personal property is often fungible, such that two items can essentially be indistinguishable. Because personal property is easily moved, identifying information is particularly valuable. A description of the owner of personal property is useful to differentiate between two similar pieces of personal property, thereby notifying the defendant of " 'the particular transaction on which the indictment is founded' and giv[ing] the [defendant] 'the benefit of the first acquittal or conviction if accused a second time of the same offense.' " *Jones*, 367 N.C. at 308-09, 758 S.E.2d at 352 (majority) (quoting *State v. Tisdale*, 145 N.C. 422, 425, 58 S.E. 998, 1000 (1907)); *see id.* at 311, 758 S.E.2d at 354 (Martin, J., concurring in part and dissenting in part) (noting it is "nearly impossible" to "[d]ifferentiat[e] between two jugs of malt liquor, two sacks of tobacco seed, or two baggies of cocaine").

Unlike personal property, real property is inherently unique; it cannot be duplicated, as no two parcels of real estate are the same. Thus, in an indictment alleging injury to real property, identification of the property itself, not the owner or ownership interest, is vital to differentiate between two parcels of property, thereby enabling a defendant to prepare his defense and protect against further prosecution for the same crime. While the owner or lawful possessor's name may, as here, be used

to identify the specific parcel of real estate, it is not an essential element of the offense that must be alleged in the indictment, so long as the indictment gives defendant reasonable notice of the specific parcel of real estate he is accused of injuring. To the extent *Lilly* is inconsistent with this opinion, it is overruled.

We therefore conclude that by tracking the language of N.C.G.S. § 14-127 and clearly identifying the real property onto which defendant drove his car, the indictment "charges the offense of [injury to real property] in a plain, intelligible, and explicit manner" and fulfills the purpose of the 1975 Act. *Freeman*, 314 N.C. at 436, 333 S.E.2d at 746; *accord* N.C.G.S. § 15-153 (2015). The indictment gives defendant reasonable notice of the charge against him, including the specific parcel of real property he is accused of injuring, so that he may prepare his defense and protect himself against double jeopardy. Accordingly, the indictment charging injury to real property is valid on its face. The remaining issues addressed by the Court of Appeals are not before this Court, and its decision as to these matters remains undisturbed.

REVERSED.

Justice JACKSON dissenting.

In concluding that an indictment for injury to real property pursuant to N.C.G.S. § 14-127 need not identify the owner or lawful possessor of the property, the

majority ignores over one hundred and sixty years of precedent establishing that "[i]n indictments for injuries to property it is necessary to lay the property truly, and a variance in that respect is fatal."[1] *State v. Hicks*, 233 N.C. 31, 34, 62 S.E.2d 497, 499 (1950) (quoting *State v. Mason*, 35 N.C. (13 Ired.) 341, 342 (1852)), *cert. denied*, 342 U.S. 831 (1951). I respectfully dissent.

Section 14-127 states, "If any person shall willfully and wantonly damage, injure or destroy any real property whatsoever, either of a public or private nature, he shall be guilty of a Class 1 misdemeanor." N.C.G.S. § 14-127 (2015). Interpreting this language, the majority concludes that the statute "does not require that the real property be 'of another' " and that "the owner or lawful possessor's name . . . is not an essential element of the offense that must be alleged in the indictment, so long as the indictment gives defendant reasonable notice of the specific parcel of real estate he is accused of injuring."

In 1852, faced with a statute that similarly lacked an explicit element stating that the allegedly injured property must be that of another, this Court rejected the majority's interpretation. In *State v. Mason* the defendant was accused of injury to a dwelling house in violation of a statute that stated:

> [I]f any person or persons . . . shall unlawfully and wilfully
> demolish, pull down, deface, or by other ways or means

---

[1] The statute at issue in *Hicks*, unlike the statutes at issue in other cases cited in this dissent, required that there be damage to the property "of another" as a precondition for a finding of liability. *See* 233 N.C. at 34, 62 S.E.2d at 499.

destroy, injure or damage any dwelling house, or any uninhabited house, out house, or other building, or shall unlawfully or wilfully burn, destroy, or remove any fence, wall, or other inclosure or any part thereof, surrounding or about any yard, garden, or cultivated grounds, he, she, or they shall be deemed guilty of a misdemeanor . . . .

Act of Jan. 14, 1847, ch. 70, 1846-47 N.C. Sess. Laws 137; *see also Mason*, 35 N.C. (13 Ired.) at 342 (referencing this statute). Like section 14-127, this statute did not specify that the dwelling house must belong to someone other than the defendant. Nevertheless, this Court stated that "[i]n indictments for injuries to property it is necessary to lay the property truly, and a variance in that respect is fatal." *Mason*, 35 N.C. (13 Ired.) at 342. This Court explained that "although [the statute] protects houses and inclosures from destruction or injury, yet necessarily an exception is to be implied when the destruction or damage is by the owner." *Id.* at 343. The Court determined that if the statute "had been intended to embrace the acts of willful waste by a tenant, there would have been express words to take in the case where the premises are in the possession of the offender." *Id.* As established in *Mason*, even if a statute prohibiting injury to some property does not state that the property must be that of another, such a requirement is implied, and an indictment for violation of that statute must identify the owner or lawful possessor.

Although *Mason* "was decided in 1852 when great particularity in criminal pleading was required," *State v. Taylor*, 172 N.C. 892, 893, 90 S.E. 294, 295 (1916), this Court has reaffirmed and applied its holding in multiple different contexts, *see,*

*e.g.*, *State v. Watson*, 272 N.C. 526, 527, 158 S.E.2d 334, 335 (1968) (per curiam) (indictment for safecracking); *State v. Cooke*, 246 N.C. 518, 520, 98 S.E.2d 885, 887 (1957) (indictment for trespassing). In *Taylor*, after implicitly suggesting that the level of particularity required in indictments may have diminished since *Mason* was decided, this Court concluded that an indictment for unlawfully removing a fence "sufficiently charges that the property was in the possession of the [prosecuting witness] H. F. Otten" in part because the indictment stated that Otten "owned the property." 172 N.C. at 893, 90 S.E. at 295. Thus, even as we acknowledged that pleading requirements should be viewed more liberally than in the past, we still retained the requirement of identifying the owner or lawful possessor.

Our more recent decision in *Hicks* relied upon *Mason*. The defendant and a codefendant allegedly engaged in a conspiracy, part of which involved a plan to destroy an electrical transformer "by the use of dynamite or other high explosive." 233 N.C. at 31, 62 S.E.2d at 497. He was charged, *inter alia*, with both conspiracy to commit injury to real property and conspiracy to injure personal property, but the latter charge was dismissed. The jury found him "[g]uilty of conspiracy to damage real property." *Id.* at 33, 62 S.E.2d at 499. We noted that "[t]he indictment charge[d] the defendants with conspiring to maliciously commit damage and injury to and upon the real property of the Jefferson Standard Broadcasting Company," while the evidence showed that the property actually belonged to the Duke Power Company. *Id.* at 34, 62 S.E.2d at 499. Relying upon *Mason* and subsequent cases cited in *Hicks*,

we concluded that there was a fatal variance. *Id.* at 34, 62 S.E.2d at 499. *Hicks* confirms the vitality of our long-standing rule that indictments for injury to real property must identify the owner or lawful possessor of the property. In a later case we cited *Hicks* to establish that for the offense of "malicious injury to property," "it is necessary to allege in the warrant or bill of indictment the rightful owner or possessor of the property, and the proof must correspond with the charge." *Cooke*, 246 N.C. at 520, 98 S.E.2d at 887. Similarly, the North Carolina Court of Appeals has relied upon *Hicks*, *Cooke*, and *Mason* in concluding that an indictment for injury to real property must name either the owner or lawful possessor of the property. *State v. Lilly*, 195 N.C. App. 697, 702-03, 673 S.E.2d 718, 722, *disc. rev. denied*, 363 N.C. 586, 683 S.E.2d 214 (2009).

Contrary to the majority's suggestion, this principle was not affected by the enactment of the Criminal Procedure Act "to simplify criminal proceedings." *State v. Freeman*, 314 N.C. 432, 436, 333 S.E.2d 743, 746 (1985). The Criminal Procedure Act confirms that "every element of a criminal offense" must be alleged by the indictment. N.C.G.S. § 15A-924(a)(5) (2015). Although section 14-127 does not state that the injured property must be that of another, common sense dictates that this element is implied. *See Mason*, 35 N.C. (13 Ired.) at 343 (making a similar implication with respect to a similar statute). In addition, section 14-127 requires that the defendant have acted "willfully and wantonly." N.C.G.S. § 14-127. Willfulness refers to "the wrongful doing of an act without justification or excuse, or the commission of an act

purposely and deliberately in violation of law." *State v. Arnold*, 264 N.C. 348, 349, 141 S.E.2d 473, 474 (1965) (per curiam) (citation omitted). "Conduct is wanton when in conscious and intentional disregard of and indifference to the rights and safety of others." *Hinson v. Dawson*, 244 N.C. 23, 28, 92 S.E.2d 393, 397 (1956) (citations omitted). In the context of injury to real property, the elements of willfulness and wantonness cannot be shown when a person injures his or her own property. This Court's established definition of wantonness explicitly provides the reference to "the rights . . . of others" that section 14-127 omitted. Furthermore, ownership of real property provides a complete justification for causing damage to it—including total demolition and replacement of buildings and fixtures. As a result, even though section 14-127 does not set out the element explicitly, the statute implicitly requires the State to show that the property belonged to another. *See State v. Chamberlain*, 232 N.C. App. 246, 253, 753 S.E.2d 725, 730 (2014) ("[I]t was for the jury to determine whether the shrubs [belonging to a neighbor] were planted on [the neighbor's] property or Defendant's and whether Defendant was legally justified in cutting them down."). As this Court's jurisprudence establishes, this element must be alleged in the indictment.

Applying this long-standing rule in the case *sub judice*, it is clear that the indictment is fatally defective. "When alleging ownership in an entity, an indictment must specify that the owner, 'if not a natural person, is a corporation or otherwise a legal entity capable of owning property,' unless the entity's name itself 'imports an

association or a corporation capable of owning property.' " *State v. Campbell*, 368 N.C. 83, 86, 772 S.E.2d 440, 443 (2015) (quoting *State v. Thornton*, 251 N.C. 658, 661, 111 S.E.2d 901, 903 (1960)). In *Campbell* we held that a larceny indictment identifying the property owner as "Manna Baptist Church" was sufficient because "alleging ownership of property in an entity identified as a church or other place of religious worship, like identifying an entity as a 'company' or 'incorporated,' signifies an entity capable of owning property." *Id.* at 87, 772 S.E.2d at 444. At the same time, we distinguished *Thornton*, in which "an indictment alleging the defendant embezzled money belonging to 'The Chuck Wagon' was 'fatally defective' because it failed to allege 'that "The Chuck Wagon" is a corporation, and the words "The Chuck Wagon" do not import a corporation.' " *Id.* at 86, 772 S.E.2d at 443 (quoting *Thornton*, 251 N.C. at 662, 111 S.E.2d at 904). Here the indictment alleges that defendant damaged real property belonging to "Katy's Great Eats," a name which—like The Chuck Wagon—does not import a corporation or other legal entity capable of owning property.

Today the majority disposes of a well-established requirement without acknowledging over a century of precedent supporting the existence of that requirement. Even as the majority overturns the decision of the Court of Appeals in *Lilly*, it ignores that decision's reliance upon *Cooke*, *Hicks*, and *Mason*. Therefore, I respectfully dissent.

*JACKSON, J., dissenting.*

Justice ERVIN joins in this dissenting opinion.