IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-287

 Filed: 17 October 2017

Rowan County, No. 15 CRS 055547

STATE OF NORTH CAROLINA

 v.

DYQUAON KENNER BRAWLEY, Defendant.

 Appeal by Defendant from judgment entered 21 September 2016 by Judge

Christopher W. Bragg in Rowan County Superior Court. Heard in the Court of

Appeals 7 September 2017.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General
 Elizabeth Leonard McKay, for the State.

 Appellate Defender G. Glenn Gerding, by Assistant Appellate Defender Amanda
 S. Zimmer, for Defendant.

 DILLON, Judge.

 Dyquaon Kenner Brawley (“Defendant”) appeals from the trial court’s

judgment convicting him of larceny from a merchant. Defendant challenges the trial

court’s jurisdiction stemming from an alleged error in his indictment. After thorough

review, we vacate the judgment on jurisdictional grounds.

 I. Background
 STATE V. BRAWLEY

 Opinion of the Court

 In September of 2015, Defendant was caught on surveillance stealing clothing

from a Belk’s department store in Salisbury. Defendant removed the security tags

from multiple shirts before fleeing the premises.

 A grand jury indicted Defendant for larceny from a merchant. A jury convicted

him of the charge. Defendant timely appealed.

 II. Summary

 The charging indictment in this case identifies the victim as “Belk’s

Department Stores, an entity capable of owning property.” On appeal, Defendant

argues that the trial court lacked jurisdiction to render a verdict against him because

the charging indictment failed to adequately identify the victim of the larceny. Based

on jurisprudence from our Supreme Court and our Court as explained below, we are

compelled to agree. We therefore vacate Defendant’s conviction.

 III. Analysis

 We review the sufficiency of an indictment de novo. See State v. Sturdivant,

304 N.C. 293, 309, 283 S.E.2d 719, 730 (1981). “Under a de novo review, the court

considers the matter anew and freely substitutes its own judgment for that of the

lower tribunal.” State v. Biber, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011).

 “It is hornbook law that a valid bill of indictment [returned by a grand jury] is

a condition precedent to the jurisdiction of the Superior Court to determine the guilt

or innocence of the defendant, and to give authority to the court to render a valid

 -2-
 STATE V. BRAWLEY

 Opinion of the Court

judgment.” State v. Ray, 274 N.C. 556, 562, 164 S.E.2d 457, 461 (1968) (emphasis

added).1 “To be sufficient under our Constitution, an indictment must allege lucidly

and accurately all the essential elements of the offense endeavored to be charged.”

State v. Hunt, 357 N.C. 257, 267, 582 S.E.2d 593, 600 (2003) (internal citations and

quotation marks omitted). Therefore, “[a] conviction based on an invalid indictment

must be vacated.” State v. Campbell, 368 N.C. 83, 86, 772 S.E.2d 440, 443 (2015).

 In the present case, the jury convicted Defendant of larceny from a merchant

under N.C. Gen. Stat. § 14-72.11(2). One essential element of any larceny is that the

defendant “took the property of another.” State v. Coats, 74 N.C. App. 110, 112, 327

S.E.2d 298, 300 (1985) (emphasis added).

 Here, the grand jury returned an indictment alleging that Defendant:

 did steal, take and carry away two polo brand shirts by
 removing the anti-theft device attached to each shirt, the
 personal property of Belk’s Department Stores, an entity
 capable of owning property, having a value of $134.50[.]

(Emphasis added.) It certainly could be argued that the indictment sufficiently

alleges that the two polo shirts did not belong to Defendant, and, therefore, were the

property “of another.” However, our Supreme Court has consistently held that the

 1 Our Supreme Court has explained that “every [defendant] charged with a criminal offense
has a right to the decision of twenty-four of his fellow-citizens upon the question of guilt [as to every
element of the crime charged:] First, by a grand jury [of twelve]; and, secondly, by a petit jury [of
twelve.]” State v. Barker, 107 N.C. 913, 918, 12 S.E. 115, 117 (1890). Indeed, our state Constitution
recognizes that “no person shall be put to answer any criminal charge [in superior court] but by
indictment, presentment, or impeachment.” N.C. Const. art. I, § 22; see State v. Thomas, 236 N.C.
454, 73 S.E.2d 283 (1952) (explaining the history and purpose of this constitutional requirement).

 -3-
 STATE V. BRAWLEY

 Opinion of the Court

indictment must go further by clearly specifying the identity of the victim. Campbell,

368 N.C. at 86, 772 S.E.2d at 443.

 In specifying the identity of a victim who is not a natural person, our Supreme

Court provides that a larceny indictment is valid only if either: (1) the victim, as

named, “itself imports an association or a corporation [or other legal entity] capable

of owning property[;]” or, (2) there is an allegation that the victim, as named, “if not

a natural person, is a corporation or otherwise a legal entity capable of owning

property[.]” Id.

 A victim’s name imports that the victim is an entity capable of owning property

when the name includes a word like “corporation,” “incorporated,” “limited,” “church,”

or an abbreviated form thereof. Id. Here, however, the name “Belk’s Department

Stores” does not itself import that the victim, as named in the indictment, is a

corporation or other type of entity capable of owning property: “Stores” is not a type

of legal entity recognized in North Carolina. See, e.g., State v. Brown, 184 N.C. App.

539, 542-43, 646 S.E.2d 590, 592 (2007) (holding “Smoker Friendly Store”

insufficient).

 The indictment does, though, include an allegation that Belk’s is “an entity

capable of owning property.” The issue presented by this case, therefore, is whether

alleging that Belk’s is some unnamed type of entity capable of owning property is

sufficient or whether the specific type of entity must be pleaded. We hold that the

 -4-
 STATE V. BRAWLEY

 Opinion of the Court

holdings and reasoning in decisions from our Supreme Court and our Court compel

us to conclude that the allegation that Belk’s is some unnamed type of “entity capable

of owning property” is not sufficient.

 Our Supreme Court has held on numerous occasions that where the larceny

victim is not a natural person or an entity whose name imports that it is a legal entity,

the indictment must specify that the victim “is a corporation or otherwise a legal entity

capable of owning property.” Campbell, 368 N.C. at 86, 772 S.E.2d at 443 (emphasis

added).2 The State essentially argues that the italicized portion of this quote from

Campbell means that an indictment which fails to specify the victim’s entity type is,

nonetheless, sufficient so long as the indictment otherwise alleges that the victim is

a legal entity. Defendant argues that the italicized language should not be read so

literally, but rather our Supreme Court meant that the indictment must specify the

victim’s entity type, whether a corporation or otherwise. For the following reasons,

we must accept Defendant’s interpretation.

 First, the allegations regarding the identity of the victim in the present case

are essentially the same as those which our Supreme Court has consistently held to

be insufficient. For instance, like the indictment in the present case, the indictment

in Thornton – the seminal case from our Supreme Court on the issue – (1) alleged a

 2
 See also, e.g., State v. Thornton, 251 N.C. 658, 661, 111 S.E.2d 901, 903 (1960); State v. Jessup,
279 N.C. 108, 112, 181 S.E.2d 594, 597 (1971) (holding that a larceny indictment must “allege the
ownership of the property either in a natural person or [in] a legal entity capable of owning” property).

 -5-
 STATE V. BRAWLEY

 Opinion of the Court

victim name which otherwise did not import a natural person or entity capable of

owning property, identifying the victim as “The Chuck Wagon”; (2) failed to specify

the victim’s entity type; and (3) essentially alleged that the victim, otherwise, was

capable of owning property. Thornton, 251 N.C. at 659-60, 111 S.E.2d at 901-02. In

the present case, the indictment alleged that Belk’s was an entity capable of owning

property by expressly stating as such. In Thornton, the indictment alleged that The

Chuck Wagon was an entity capable of owning/possessing property by alleging that

that The Chuck Wagon “entrusted” certain of its property to the defendant, who in

turn converted the property “belonging to said The Chuck Wagon” for his own use.

Id. (emphasis added). In sum, our Supreme Court in Thornton held that an

indictment identifying the victim as “The Chuck Wagon” and alleging that the The

Chuck Wagon could have property “belonging” to it did not satisfy the requirement

that the victim be identified. Id. at 662, 111 S.E.2d at 904. There is no practical

difference between the allegations in Thornton and those in the present case

concerning the victim’s identity. We are bound by the holding in Thornton and

similar holdings.

 Second, our Supreme Court has consistently held that it is the State’s burden

to prove the victim’s identity. See, e.g., Campbell, 368 N.C. at 86, 772 S.E.2d at 443.

Merely stating that the victim named is an entity capable of owning property fails to

identify with specificity the identity of the victim. For instance, it is permissible in

 -6-
 STATE V. BRAWLEY

 Opinion of the Court

North Carolina for a limited partnership and a corporation to share the same name,

so long as they are different entity types. As such, it is possible for there to be a

“Belk’s Department Stores, a corporation” and, at the same time, a “Belk’s

Department Stores, a limited partnership.” Allowing the State merely to allege

“Belk’s Department Stores” as some entity type capable of owning property would

relieve the State of its obligation to identify with sufficient specificity who the victim

was. Indeed, our Supreme Court once vacated a conviction where the indictment

alleged the victim named was a sole proprietorship but the evidence at trial showed

that the victim named was, in fact, a corporation, confirming that alleging the victim’s

entity type is crucial. State v. Brown, 263 N.C. 786, 787-88, 140 S.E.2d 413, 413-14

(1965) (holding it a fatal variance where indictment alleged victim as “Stroup Sheet

Metal Works, H.B. Stroup, Jr., owner” and the evidence showed that the victim was

“Stroup Sheet Metal Works, Inc.”).

 Third, the State does not cite, nor has our research uncovered, any North

Carolina case where an indictment failing to allege a specific form of entity was

deemed sufficient. In every instance, an indictment has been sustained only where

the type of entity is specified.

 We are further persuaded by our reasoning in State v. Thompson, 6 N.C. App.

64, 169 S.E.2d 241 (1969). In that case, the defendant was convicted of stealing three

dresses from an entity referred to in the indictment solely as “Belk’s Department

 -7-
 STATE V. BRAWLEY

 Opinion of the Court

Store, 113 E. Trade Street.” Id. at 65, 169 S.E.2d at 242. We vacated the conviction,

essentially explaining that the indictment was fatal because it failed to specify the

type of legal entity “Belk’s Department Store” was:

 Here, we cannot say that “Belk's Department Store”
 imports a corporation, there is no allegation that it is a
 corporation, nor is there any allegation that it is a
 proprietorship or a partnership. The name “Belk's
 Department Store” certainly does not suggest a natural
 person. . . . [W]e are compelled to hold the warrant is
 fatally defective.

Id. at 66, 169 S.E.2d at 242.

 IV. Conclusion

 The purpose of an indictment is to put a defendant on reasonable notice of the

charge against him so that he may prepare for trial and to protect him from double

jeopardy. State v. Spivey, 368 N.C. 739, 742, 782 S.E.2d 872, 874 (2015). The

indictment in the present case appears to be sufficient in accomplishing its purpose:

it alleges the date and location of the crime and the items that he stole. It is also

clear from the indictment that the grand jury found that the items did not belong to

Defendant but were the property “of another.” However, our Supreme Court has

consistently held that the State must allege not only facts sufficient to show that the

property did not belong to Defendant, but also the identity of the actual owner. By

merely alleging that the owner was “Belk’s Department Stores, an entity capable of

 -8-
 STATE V. BRAWLEY

 Opinion of the Court

owning property,” the State has failed to allege with specificity the identity of the

actual owner.

 Our Supreme Court has recently relaxed the requirement for specifying the

victim’s entity type in indictments charging injury to real property. See Spivey, 368

N.C. at 744, 782 S.E.2d at 875 (holding an identification of the owner as “Katy’s Eats”

sufficient to identify the real property at issue). However, our Supreme Court has

not relaxed this rule with respect to indictments charging larceny of personal

property. Id.; Campbell, 368 N.C. at 86, 772 S.E.2d at 443. Therefore, we must

conclude that the superior court lacked jurisdiction to try Defendant as charged.

 VACATED.

 Judge HUNTER, JR., concurs.

 Judge ARROWOOD dissents by separate opinion.

 -9-
 No. COA17-287 – State v. Brawley

 ARROWOOD, Judge, dissenting.

 I respectfully dissent from the majority’s holding that the State has failed to

allege with specificity the identity of the owner in defendant’s indictment for larceny

against a merchant. As such, I would find no error with respect to the trial. However,

I would find that the restitution ordered by the court was not supported by evidence

in the record, and would vacate that order and remand for a new hearing on

restitution.

 On or about 19 September 2015, defendant and Ms. Lamaya Sanders (“Ms.

Sanders”) were driving from Greensboro to Salisbury when defendant suggested to

Ms. Sanders that they go to Belk’s and steal some polo shirts. Ms. Sanders agreed to

help. Defendant selected a black polo shirt and Ms. Sanders removed the tag and

placed it in her bag. She also removed a tag from a red polo shirt and placed it in her

bag. Defendant picked out other shirts, but Ms. Sanders could not remove the tags.

Defendant and Ms. Sanders then left the store.

 The thefts were filmed on the Belk’s’ security system. The loss prevention

officer called the Salisbury police and obtained the tag number for defendant’s vehicle

as he and Ms. Sanders fled the parking lot. Based upon the information provided by

the Belk’s’ loss prevention officer, the Salisbury police obtained warrants for

defendant and Ms. Sanders. Ms. Sanders pleaded guilty in District Court in

November 2018 and had completed her active sentence when she was subpoenaed

and testified against defendant.
 STATE V. BRAWLEY

 Arrowood, J., dissenting

 On 16 May 2016, the grand jury indicted defendant alleging that he:

 unlawfully, willfully and feloniously did: steal, take and
 carry away two polo brand shirts by removing the anti-
 theft device attached to each shirt, the personal property of
 Belk’s Department Stores, an entity capable of owning
 property, having a value of $134.50.

(emphasis added).

 The issue presented by defendant’s appeal is whether it is sufficient to allege

a store name, together with the allegation that the store is a legal entity capable of

owning property, to meet the requirements of N.C. Gen. Stat. § 15A-924(5). The

statute states that a criminal pleading must contain “[a] plain and concise factual

statement in each count which . . . asserts facts supporting every element of a

criminal offense and the defendant’s commission thereof with sufficient precision

clearly to apprise the defendant or defendants of the conduct which is the subject of

the accusation.” N.C. Gen. Stat. § 15A-924(5) (2015).

 Contrary to the holding of the majority’s opinion, I believe this indictment

adequately identified the victim of the larceny and was sufficient to convey

jurisdiction on the Superior Court to determine the guilt or innocence of defendant.

 Defendant was charged with violating N.C. Gen. Stat. § 14-72.11(2) which in

pertinent part provides:

 A person is guilty of a Class H felony if the person commits
 larceny against a merchant . . .

 (2) By removing, destroying, or deactivating a

 2
 STATE V. BRAWLEY

 Arrowood, J., dissenting

 component of an antishoplifting or inventory control
 device to prevent the activation of any
 antishoplifting or inventory control device.

N.C. Gen. Stat. § 14-72.11(2) (2015).

 In State v. Campbell, 368 N.C. 83, 772 S.E.2d 440 (2015), the larceny

indictment alleged that the defendant stole the personal property of “Andy Stevens

and Manna Baptist Church.” Id. at 86, 772 S.E.2d at 443. The issue before the North

Carolina Supreme Court was whether the larceny indictment was fatally flawed

because it did not specifically state that the church was an entity capable of owning

property. Id. at 84, 772 S.E.2d at 442. Our Supreme Court held:

 The purpose of the indictment is to give a defendant
 reasonable notice of the charge against him so that he may
 prepare for trial. . . . To be valid a larceny indictment must
 allege the ownership of the [stolen] property either in a
 natural person or a legal entity capable of owning (or
 holding) property.

Id. at 86, 772 S.E.2d at 443 (internal quotation marks and citations omitted). The

North Carolina Supreme Court, overruling the line of the Court of Appeals cases

deciding otherwise, further held that “alleging ownership of property in an entity

identified as a church or other place of religious worship, like identifying an entity as

a ‘company’ or ‘incorporated,’ signifies an entity capable of owning property[.]” Id. at

87, 772 S.E.2d at 444. Accordingly, the larceny indictment was upheld as valid on its

face and the decision of the Court of Appeals was reversed and remanded.

 3
 STATE V. BRAWLEY

 Arrowood, J., dissenting

 Given the complexity of corporate structures in today’s society, I think an

allegation that the merchant named in the indictment is a legal entity capable of

owning property is sufficient to meet the requirements that an indictment apprise

the defendant of the conduct which is the subject of the accusation. Contrary to the

majority’s belief that our Supreme Court has not relaxed the rule with respect to

indictments charging larceny, I believe that our Supreme Court has refined its earlier

holding in State v. Thornton, 251 N.C. 658, 111 S.E.2d 901 (1960), through its ruling

in Campbell. I also believe that State v. Thompson, 6 N.C. App. 64, 169 S.E.2d 241

(1969), which merely identified the victim as “Belk’s Department Store, 113 E. Trade

Street[,]” is distinguishable from the present case as there was no allegation that the

victim was a legal entity capable of owning property.

 Therefore, I vote to find no error in defendant’s conviction. However, I do not

believe that the State presented sufficient evidence to support the award of

restitution in the Judgment. Thus, I would vacate and remand the matter for a new

hearing on restitution.

 4