DILLON, Judge.
*78 Dyquaon Kenner Brawley ("Defendant") appeals from the trial court's judgment convicting him of larceny from a merchant. Defendant challenges the trial court's jurisdiction stemming from an alleged error in his indictment. After thorough review, we vacate the judgment on jurisdictional grounds.
I. Background
In September of 2015, Defendant was caught on surveillance stealing clothing from a Belk's department store in Salisbury. Defendant removed the security tags from multiple shirts before fleeing the premises.
A grand jury indicted Defendant for larceny from a merchant. A jury convicted him of the charge. Defendant timely appealed.
*79 II. Summary
The charging indictment in this case identifies the victim as "Belk's Department Stores, an entity capable of owning property." On appeal, Defendant argues that the trial court lacked jurisdiction to render a *161 verdict against him because the charging indictment failed to adequately identify the victim of the larceny. Based on jurisprudence from our Supreme Court and our Court as explained below, we are compelled to agree. We therefore vacate Defendant's conviction.
III. Analysis
We review the sufficiency of an indictment de novo . See State v. Sturdivant , 304 N.C. 293, 309, 283 S.E.2d 719, 730 (1981). "Under a de novo review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." State v. Biber, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011).
"It is hornbook law that a valid bill of indictment [returned by a grand jury] is a condition precedent to the jurisdiction of the Superior Court to determine the guilt or innocence of the defendant, and to give authority to the court to render a valid judgment." State v. Ray , 274 N.C. 556, 562, 164 S.E.2d 457, 461 (1968) (emphasis added).[1] "To be sufficient under our Constitution, an indictment must allege lucidly and accurately all the essential elements of the offense endeavored to be charged." State v. Hunt , 357 N.C. 257, 267, 582 S.E.2d 593, 600 (2003) (internal citations and quotation marks omitted). Therefore, "[a] conviction based on an invalid indictment must be vacated." State v. Campbell , 368 N.C. 83, 86, 772 S.E.2d 440, 443 (2015).
In the present case, the jury convicted Defendant of larceny from a merchant under N.C. Gen. Stat. § 14-72.11(2). One essential element of any larceny is that the defendant "took the property of another ." State v. Coats , 74 N.C. App. 110, 112, 327 S.E.2d 298, 300 (1985) (emphasis added).
*80 Here, the grand jury returned an indictment alleging that Defendant:
did steal, take and carry away two polo brand shirts by removing the anti-theft device attached to each shirt, the personal property of Belk's Department Stores, an entity capable of owning property , having a value of $134.50[.]
(Emphasis added.) It certainly could be argued that the indictment sufficiently alleges that the two polo shirts did not belong to Defendant, and, therefore, were the property "of another." However, our Supreme Court has consistently held that the indictment must go further by clearly specifying the identity of the victim. Campbell , 368 N.C. at 86, 772 S.E.2d at 443.
In specifying the identity of a victim who is not a natural person, our Supreme Court provides that a larceny indictment is valid only if either: (1) the victim, as named, "itself imports an association or a corporation [or other legal entity] capable of owning property[;]" or, (2) there is an allegation that the victim, as named, "if not a natural person, is a corporation or otherwise a legal entity capable of owning property[.]" Id.
A victim's name imports that the victim is an entity capable of owning property when the name includes a word like "corporation," "incorporated," "limited," "church," or an abbreviated form thereof. Id. Here, however, the name "Belk's Department Stores" does not itself import that the victim, as named in the indictment, is a corporation or other type of entity capable of owning property: "Stores" is not a type of legal entity recognized in North Carolina. See, e.g., State v. Brown , 184 N.C. App. 539, 542-43, 646 S.E.2d 590, 592 (2007) (holding "Smoker Friendly Store" insufficient).
The indictment does, though, include an allegation that Belk's is "an entity capable of owning property." The issue presented by this case, therefore, is whether alleging that Belk's is some unnamed type of entity capable of owning property is sufficient or whether the specific type of entity must be pleaded.
*162 We hold that the holdings and reasoning in decisions from our Supreme Court and our Court compel us to conclude that the allegation that Belk's is some unnamed type of "entity capable of owning property" is not sufficient.
Our Supreme Court has held on numerous occasions that where the larceny victim is not a natural person or an entity whose name imports that it is a legal entity, the indictment must specify that the victim "is a corporation or otherwise a legal entity capable of owning property ."
*81 Campbell , 368 N.C. at 86, 772 S.E.2d at 443 (emphasis added).[2] The State essentially argues that the italicized portion of this quote from Campbell means that an indictment which fails to specify the victim's entity type is, nonetheless, sufficient so long as the indictment otherwise alleges that the victim is a legal entity. Defendant argues that the italicized language should not be read so literally, but rather our Supreme Court meant that the indictment must specify the victim's entity type, whether a corporation or otherwise. For the following reasons, we must accept Defendant's interpretation.
First, the allegations regarding the identity of the victim in the present case are essentially the same as those which our Supreme Court has consistently held to be insufficient. For instance, like the indictment in the present case, the indictment in Thornton -the seminal case from our Supreme Court on the issue-(1) alleged a victim name which otherwise did not import a natural person or entity capable of owning property, identifying the victim as "The Chuck Wagon"; (2) failed to specify the victim's entity type; and (3) essentially alleged that the victim, otherwise, was capable of owning property. Thornton , 251 N.C. at 659-60, 111 S.E.2d at 901-02. In the present case, the indictment alleged that Belk's was an entity capable of owning property by expressly stating as such. In Thornton , the indictment alleged that The Chuck Wagon was an entity capable of owning/possessing property by alleging that that The Chuck Wagon "entrusted" certain of its property to the defendant, who in turn converted the property "belonging to said The Chuck Wagon" for his own use. Id. (emphasis added). In sum, our Supreme Court in Thornton held that an indictment identifying the victim as "The Chuck Wagon" and alleging that the The Chuck Wagon could have property "belonging" to it did not satisfy the requirement that the victim be identified. Id. at 662, 111 S.E.2d at 904. There is no practical difference between the allegations in Thornton and those in the present case concerning the victim's identity. We are bound by the holding in Thornton and similar holdings.
Second, our Supreme Court has consistently held that it is the State's burden to prove the victim's identity. See, e.g., Campbell , 368 N.C. at 86, 772 S.E.2d at 443. Merely stating that the victim named is an entity capable of owning property fails to identify with specificity the identity of the victim. For instance, it is permissible in North Carolina for a *82 limited partnership and a corporation to share the same name, so long as they are different entity types. As such, it is possible for there to be a "Belk's Department Stores, a corporation" and, at the same time, a "Belk's Department Stores, a limited partnership." Allowing the State merely to allege "Belk's Department Stores" as some entity type capable of owning property would relieve the State of its obligation to identify with sufficient specificity who the victim was. Indeed, our Supreme Court once vacated a conviction where the indictment alleged the victim named was a sole proprietorship but the evidence at trial showed that the victim named was, in fact, a corporation, confirming that alleging the victim's entity type is crucial. State v. Brown , 263 N.C. 786, 787-88, 140 S.E.2d 413, 413-14 (1965) (holding it a fatal variance where indictment alleged victim as "Stroup Sheet Metal Works, H.B. Stroup, Jr., owner" and the evidence showed that the victim was "Stroup Sheet Metal Works, Inc."). *163 Third, the State does not cite, nor has our research uncovered, any North Carolina case where an indictment failing to allege a specific form of entity was deemed sufficient. In every instance, an indictment has been sustained only where the type of entity is specified.
We are further persuaded by our reasoning in State v. Thompson , 6 N.C. App. 64, 169 S.E.2d 241 (1969). In that case, the defendant was convicted of stealing three dresses from an entity referred to in the indictment solely as "Belk's Department Store, 113 E. Trade Street." Id. at 65, 169 S.E.2d at 242. We vacated the conviction, essentially explaining that the indictment was fatal because it failed to specify the type of legal entity "Belk's Department Store" was:
Here, we cannot say that "Belk's Department Store" imports a corporation, there is no allegation that it is a corporation, nor is there any allegation that it is a proprietorship or a partnership. The name "Belk's Department Store" certainly does not suggest a natural person. ... [W]e are compelled to hold the warrant is fatally defective.
Id. at 66, 169 S.E.2d at 242.
IV. Conclusion
The purpose of an indictment is to put a defendant on reasonable notice of the charge against him so that he may prepare for trial and to protect him from double jeopardy. State v. Spivey , 368 N.C. 739, 742, 782 S.E.2d 872, 874 (2016). The indictment in the present case appears to be sufficient in accomplishing its purpose: it alleges the date and location of *83 the crime and the items that he stole. It is also clear from the indictment that the grand jury found that the items did not belong to Defendant but were the property "of another." However, our Supreme Court has consistently held that the State must allege not only facts sufficient to show that the property did not belong to Defendant, but also the identity of the actual owner. By merely alleging that the owner was "Belk's Department Stores, an entity capable of owning property," the State has failed to allege with specificity the identity of the actual owner.
Our Supreme Court has recently relaxed the requirement for specifying the victim's entity type in indictments charging injury to real property. See Spivey , 368 N.C. at 744, 782 S.E.2d at 875 (holding an identification of the owner as "Katy's Eats" sufficient to identify the real property at issue). However, our Supreme Court has not relaxed this rule with respect to indictments charging larceny of personal property. Id. ; Campbell , 368 N.C. at 86, 772 S.E.2d at 443. Therefore, we must conclude that the superior court lacked jurisdiction to try Defendant as charged.
VACATED.
Judge HUNTER, JR., concurs.
Judge ARROWOOD dissents by separate opinion.

Our Supreme Court has explained that "every [defendant] charged with a criminal offense has a right to the decision of twenty-four of his fellow-citizens upon the question of guilt [as to every element of the crime charged:] First , by a grand jury [of twelve]; and, secondly , by a petit jury [of twelve.]" State v. Barker , 107 N.C. 913, 918, 12 S.E. 115, 117 (1890). Indeed, our state Constitution recognizes that "no person shall be put to answer any criminal charge [in superior court] but by indictment, presentment, or impeachment." N.C. Const. art. I, § 22 ; see State v. Thomas , 236 N.C. 454, 73 S.E.2d 283 (1952) (explaining the history and purpose of this constitutional requirement).

See also, e.g., State v. Thornton , 251 N.C. 658, 661, 111 S.E.2d 901, 903 (1960) ; State v. Jessup , 279 N.C. 108, 112, 181 S.E.2d 594, 597 (1971) (holding that a larceny indictment must "allege the ownership of the property either in a natural person or [in] a legal entity capable of owning" property).