ARROWOOD, Judge, dissenting.
I respectfully dissent from the majority's holding that the State has failed to allege with specificity the identity of the owner in defendant's indictment for larceny against a merchant. As such, I would find no error with respect to the trial. However, I would find that the restitution ordered by the court was not supported by evidence in the record, and would vacate that order and remand for a new hearing on restitution.
On or about 19 September 2015, defendant and Ms. Lamaya Sanders ("Ms. Sanders") were driving from Greensboro to Salisbury when defendant suggested to Ms. Sanders that they go to Belk's and steal some polo shirts. Ms. Sanders agreed to help. Defendant selected a black polo shirt and Ms. Sanders removed the tag and placed it in her bag. She also removed a tag from a red polo shirt and placed it in her bag. Defendant picked out other shirts, but Ms. Sanders could not remove the tags. Defendant and Ms. Sanders then left the store.
The thefts were filmed on the Belk's' security system. The loss prevention officer called the Salisbury police and obtained the tag number *84 for defendant's vehicle as he and Ms. Sanders fled the parking lot. Based upon the information provided by the Belk's' loss prevention *164 officer, the Salisbury police obtained warrants for defendant and Ms. Sanders. Ms. Sanders pleaded guilty in District Court in November 2018 and had completed her active sentence when she was subpoenaed and testified against defendant.
On 16 May 2016, the grand jury indicted defendant alleging that he:
unlawfully, willfully and feloniously did: steal, take and carry away two polo brand shirts by removing the anti-theft device attached to each shirt, the personal property of Belk's Department Stores, an entity capable of owning property , having a value of $134.50.
(emphasis added).
The issue presented by defendant's appeal is whether it is sufficient to allege a store name, together with the allegation that the store is a legal entity capable of owning property, to meet the requirements of N.C. Gen. Stat. § 15A-924(5). The statute states that a criminal pleading must contain "[a] plain and concise factual statement in each count which ... asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation." N.C. Gen. Stat. § 15A-924(5) (2015).
Contrary to the holding of the majority's opinion, I believe this indictment adequately identified the victim of the larceny and was sufficient to convey jurisdiction on the Superior Court to determine the guilt or innocence of defendant.
Defendant was charged with violating N.C. Gen. Stat. § 14-72.11(2) which in pertinent part provides:
A person is guilty of a Class H felony if the person commits larceny against a merchant ...
(2) By removing, destroying, or deactivating a component of an antishoplifting or inventory control device to prevent the activation of any antishoplifting or inventory control device.
N.C. Gen. Stat. § 14-72.11(2) (2015).
In State v. Campbell , 368 N.C. 83, 772 S.E.2d 440 (2015), the larceny indictment alleged that the defendant stole the personal property *85 of "Andy Stevens and Manna Baptist Church." Id. at 86, 772 S.E.2d at 443. The issue before the North Carolina Supreme Court was whether the larceny indictment was fatally flawed because it did not specifically state that the church was an entity capable of owning property. Id. at 84, 772 S.E.2d at 442. Our Supreme Court held:
The purpose of the indictment is to give a defendant reasonable notice of the charge against him so that he may prepare for trial. ... To be valid a larceny indictment must allege the ownership of the [stolen] property either in a natural person or a legal entity capable of owning (or holding) property.
Id. at 86, 772 S.E.2d at 443 (internal quotation marks and citations omitted). The North Carolina Supreme Court, overruling the line of the Court of Appeals cases deciding otherwise, further held that "alleging ownership of property in an entity identified as a church or other place of religious worship, like identifying an entity as a 'company' or 'incorporated,' signifies an entity capable of owning property[.]" Id. at 87, 772 S.E.2d at 444. Accordingly, the larceny indictment was upheld as valid on its face and the decision of the Court of Appeals was reversed and remanded.
Given the complexity of corporate structures in today's society, I think an allegation that the merchant named in the indictment is a legal entity capable of owning property is sufficient to meet the requirements that an indictment apprise the defendant of the conduct which is the subject of the accusation. Contrary to the majority's belief that our Supreme Court has not relaxed the rule with respect to indictments charging larceny, I believe that our Supreme Court has refined its earlier holding in State v. Thornton , 251 N.C. 658, 111 S.E.2d 901 (1960), through its ruling in Campbell . I also believe that State v. Thompson , 6 N.C. App. 64, 169 S.E.2d 241 (1969), which merely identified the victim as "Belk's Department Store, 113 E. Trade Street[,]" is distinguishable from the present case as there was no allegation that the victim was a legal entity capable of owning property.
*165 Therefore, I vote to find no error in defendant's conviction. However, I do not believe that the State presented sufficient evidence to support the award of restitution in the Judgment. Thus, I would vacate and remand the matter for a new hearing on restitution.